Battle, J.
 

 It was decided as early as the year 1794, in the case of
 
 Reynolds
 
 v.
 
 Flinn,
 
 1 Hay. Rep., 106, and has been adhered to ever since, that a grant, founded on an entry made of vacant land subject to entry, cannot be collaterally impeached for fraud or defects in the entry, or irregularity in any preliminary
 
 *408
 
 proceeding. But when the lands are not in fact vacant and unappropriated, or when the law forbids the entry of vacant land in a particular tract of country, a grant for a part of such land is absolutely void ; and that may be shown on the trial in an action of ejectment.
 
 University
 
 v.
 
 Sawyer,
 
 2 Hay. Rep., 98
 
 ; Strother
 
 v.
 
 Cathey,
 
 1 Mur. Rep., 162. On this distinction,
 
 Stanmire
 
 v.
 
 Powell,
 
 3 Ire. Rep., 312, was decided. That was the case of a grant issuing in pursuance of a resolution of the General As-sémbly, passed at its session in 1848, authorising its location upon
 
 “
 
 any lands now belonging to the State, for which the State is not bound for title ; provided that this act does not extend to any of the Swamp lands in this State.” The grant was for a tract of land lying in the Cherokee country, where the lands were, prior to the year 1850, prohibited from entry by the general
 
 law;
 
 and on that account it was held in an action of ejectment to be void. But by the Act of 1850, chap. 23 and 25, grants may, under certain circumstances, be issued for lands lying in the Cherokee country, and as the grant under which the lessor of the plaintiff claims, was issued under the operation of this statute, it cannot be impeached collaterally in the manner proposed by the defendant. His Honor, therefore, properly rejected the testimony which was offered by the defendant, for the purpose of showing that it had been obtained by fraudulent meáns. The judgment must be affirmed.
 

 PeR Cueiam. Judgment affirmed.