R. L. WRIGHT, Administrator of WILSON WILLIAMS, deceased v. THE SOUTHERN RAILWAY COMPANY.

(Decided May 24, 1898).

*Action for Damages—Master and Servant—Injury to Employee—Negligence—Condition of Railroad Track —Question for Jury—Trial.*

Where, in the trial of an action for damages for injury resulting in the death of plaintiff's intestate and alleged to have been caused by defendant's negligence, it appeared that a tender was detached at a point where the road bed was in a good condition but was dragged along until it struck some rotten cross-ties, breaking off the ends and spreading the track which caused the tender to be detached, and the intestate to be killed; *Held,* that the question of negligence was one for the jury.

CIVIL ACTION for damages for injuries resulting in the death of plaintiff's intestate, a brakeman on defendant company's train, tried before *Starbuck, J.,* and a jury at February Term, 1897, of Rowan Superior Court. The necessary facts appear in the opinion. Under an intimation from his Honor that he could not recover, the plaintiff submitted to a non-suit and appealed.

*Messrs. L. S. Overman* and *A. C. Avery,* for plaintiff appellant).

*Messrs. Charles Price, G. F. Bason* and *A. B. Andrews, Jr.*, for defendant.

CLARK, J. : This is an action for damages for the death of a brakeman, caused by the derailment of a train. The facts are thus stated in the defendant's brief:—"About sixty feet east of the end of the curve the tender jumped the track. At the point where the tender was derailed, and for fifty to two hundred feet beyond, going west, the track was perfect; then some fifty to two hundred feet beyond the point where the tender was derailed there were rotten cross-ties for some distance. The train ran for some distance after it passed the point where it was derailed, and after it struck the rotten cross-ties, it broke off the ends of them and spread the track, and the tender and eight cars were finally thrown down the bank some 12 feet. Neither the engine in front nor the cab in the rear of the train was derailed." The court held that, there being "no evidence that at the place where the cars left the track the condition of the road bed or track was defective, in no reasonable view of the evidence was the plaintiff entitled to recover." Upon which intimation of opinion the plaintiff submitted to a non-suit and appealed.

In this ruling there was error. If it be conceded that the cross-ties were sound where the tender jumped the track, still, but for the rotten cross-ties further on and the consequent spreading of the track, it may be that by the use of air brakes the train could have been stopped and kept on the line, and the cars would not have rolled down the embankment. The destruction of the train and the injury of the intestate may not have been the unavoidable and necessary consequence of the

tender's jumping the track. We do not know how the fact was, but the evidence should have been submitted to the jury under proper instructions from the court. If, notwithstanding the tender's jumping the track should be found to have been an accident not caused by any fault of the defendant, yet, if the defendant by having proper appliances and a good road-bed could have avoided the injury to the intestate, it is liable.

As the facts may be more fully or differently developed on another trial, it can serve no purpose to discuss them here more at length.

New trial.