MAX PRETZFELDER v. THE MERCHANTS INSURANCE CO. of Newark; THE NORTH BRITISH and MERCHANTS INSURANCE CO.; THE WESTERN ASSURANCE CO., of Toronto, Canada ; THE VIRGINIA FIRE and MARINE INSURANCE CO.; THE ROCHESTER GERMAN INSURANCE CO.

(Decided November 22, 1898).

*Issues—Insurance—Rehearing.*

1. Where the issues submitted include every phase of the Controversy, an Exception to the refusal to submit additional issues will not be entertained.

2. Where an appraisal fell through by no fault of plaintiff, he is relegated to his right of Action.

3. It is not allowable to rehear a cause by raising the same points upon a second appeal.

CIVIL ACTION to recover loss by fire upon Policies issued by the Fire Insurance Cos., defendants, tried before *Coble, J.,* and a jury at Spring Term, 1898, of GUILFORD Superior Court.

The attempt to adjust the loss by appraisal having failed, the plaintiff instituted this action, embracing all the Companies in one action so as to apportion the damages among them.

The following issues were submitted :

1. Did the defendants make the contracts of insurance alleged in the complaint ? Answer, Yes.

2. Was the plaintiff's stock of goods damaged in the manner as alleged ?   Answer, Yes.

3. If so, what was the amount of the damage ?   Answer, $1650, with interest at 6 per cent. from July 15, 1890.

4. Did the defendants demand an appraisal or arbitration under the policies ?   Answer, Yes.

5. Was the failure of the appraisers to make an award caused by the plaintiffs or any of them ?   Answer, No.

Additional issues were asked for by defendants, but his Honor excluded them and defendants excepted.

The exceptions taken and noted on the trial, on the part of defendants, were very numerous—the material portion of which are discussed and overruled in the opinion.

Upon the verdict as rendered, his Honor rendered judgment in favor of plaintiff for the sum awarded, $1650, and apportioned the loss among the defendants *pro rata* according to the amount of insurance in their respective policies.

Defendants appealed.

*Messrs. John W. Hinsdale* and *J. T. Morehead,* for defendants (appellants).

*Messrs. R. R. King, A. L. Brooks* and *J. E. Boyd,* for plaintiffs.

CLARK, J.:   The first exception, for failure to submit additional issues, is without merit.   Every phase of the dispute as to the facts could have been passed upon under the five issues submitted by the court.   *Willis* v. *Railroad,* 122 N. C., 906; *Patterson* v. *Mills,* 121 N. C., 258; *Coley* v. *Statesville,* Ibid 301.   The additional issue asked for, which was most pressed, was, "Did defend-

ants waive proofs of loss ?"    Upon the issues found and the undisputed evidence, that was a question of law, for the demand alleged by the defendants, for a reference of the loss to appraisers, under a provision in the policy, was a waiver of proofs of loss, which became useless if the appraisers were to view the loss themselves and adjust the damages.    *Allemania Fire Ins. Co.* v. *Pitts. Exp. Soc.*, 11 Atlantic Rep. 572; 2 May on Ins., Sec. 468 ; *Dibbrell* v. *Ins. Co.*, 110 N. C., 193 (at p. 206 and bottom of p. 209).    After the appraisal fell through, without plaintiff's fault, as the jury find, the plaintiff with propriety might, and probably should, have furnished proofs of loss, but not being compelled to do so the failure is rather a technicality than a meritorious defence and should not work a forfeiture of all right of a recovery for the goods insured and damaged.

When this cause was here on the former appeal it was held that if the appraisal fell through by no fault of the plaintiff, he is relegated to his right of action. It is there said (116 N. C., at pp. 496, 497): "The arbitrators were appointed but disagreed and refused to go on, and finally broke up without making an award.    Subsequent attempts to agree upon another board failed. The parties were thus relegated to their legal rights, and the action can be maintained.    *Brady* v. *Ins. Co.*, 115 N. C., 354.    Indeed as was intimated in that case, we think the proper rule is laid down in *Ins. Co.* v. *Holking*, 115 Pa. 416, that where the arbitrators or a majority of them fail to agree upon an award, the plaintiff (unless he is shown to have acted in bad faith in selecting his arbitrator) is not compelled to submit to another arbitration and another delay, "but may forthwith bring his action in the courts."    The defendants recognize that this was so held, but ask

the Court to "reconsider and re-examine" the point in the light of additional authorities and evidence. The proposition to rehear a cause by raising the same points upon a second appeal cannot be entertained. It was the duty of the judge below to follow the ruling made here. If there was additional testimony, it was all submitted to the jury upon the fifth issue—"Was the failure of the appraisers to make an award caused by the plaintiffs or any of them?" which was found in the negative.

In this appeal, there are 64 exceptions, but all of them, which are worthy of any consideration, are embraced in the three propositions we have discussed; indeed, many of them are repetitions in slightly different words of those three exceptions.

If fatal errors have been committed on a trial, they can be surely summed up in less than 64 assignments. It would simplify an appeal and give more time for argument on the really serious exceptions if counsel, who naturally in the hurry of a trial, take, out of abundant caution, numerous exceptions, should in the cool and deliberate moments of making out their statement of case on appeal sift out and abandon those they find trivial or untenable. This would aid the Court to a just consideration of the appeal by directing its attention to what counsel deem the fatal errors only, which in the vast majority of cases can be presented by a very few exceptions. Certainly it can never be necessary to attempt to convince an appellate court that 64 fatal errors, each justifying a new trial (and none other should be presented here) have been committed below. More than eight and a half years have elapsed since this loss was sustained, and we find no error that would justify further delay of settlement. The learned brief of appellant's counsel is well indexed, which is commendable,

but there is no index to the transcript, which is required by the rules of this Court, 19 (3) and 20. *Alexander* v. *Alexander*, 120 N. C., 472, 474.

Affirmed.