R. L. WRIGHT, Administrator of Wilson Williams, v. SOUTHERN RAILWAY COMPANY.

(Decided November 29, 1898).

*Negligence of the Master—Of the Fellow Servant.*

1. It is the duty of the master, Railway corporation, to furnish a safe road bed.

2. Attention is called to the Act of 1897, inadvertently printed among the Private Laws, Chapter 56, which provides that in actions against Railroad Companies for death or injuries sustained by an employee, the negligence of a fellow servant shall not be a defence.

CIVIL ACTION for damages tried before *Allen, J.*, at Fall Term, 1898, of ROWAN Superior Court.

The complaint alleged that the death of plaintiff's intestate, a brakeman on defendant's train, was occasioned by the negligence of defendant in not providing a safe track, in consequence of which the train was derailed, and the intestate fatally injured. There was evidence that at the place where the train ran off the track, the cross-ties were rotten and defective.

The second issue reads thus: Was the injury and death of plaintiff's intestate caused by the negligence of a fellow servant?

In one portion of his charge, his Honor instructed the jury: that if they found that the death was caused by the negligence of the section master, in not providing the road with sound ties * * * they should answer the second issue "*Yes.*"

The plaintiff excepted.

The action was commenced previous to the Act of 1897.

Judgment in favor of defendant.

Plaintiff appealed.

Messrs. A. C. Avery, Lee S. Overman and R. L. Wright, for plaintiff (appellant).

Messrs. George F. Bason and Charles Price, for defendant.

CLARK, J.: The death of the plaintiff's intestate occurred prior to the Act of 1897 (inadvertently printed among the Private Laws of that year, Chapter 56) which provides that in actions against railroad companies for death or injuries sustained by an employee, the negligence of a fellow servant shall not be a defence, therefore the doctrine in force prior to that Statute applies. Rittenhouse v. R. Co., 120 N. C., 544.

The Court charged the jury that if they found that "the death was caused by the negligence of the section master in not providing the road with sound ties," to answer the second issue "Yes." That issue was "Was the injury and death of the plaintiff's intestate caused by the negligence of a fellow servant." This instruction was specifically excepted to and is clearly erroneous. It is the duty of the master, the corporation, to furnish a safe road bed. It is not within the scope of the duty, or the powers of the section master to provide crossties. The plaintiff's intestate (a brakeman) and the section master were, as held in Wright v. R. Co., 122 N. C., 852, and in Rittenhouse's case, supra, fellow servants within the scope of their duties. In the latter case there was a defect in the road-way, by a spike projecting too high, and this was the negligence of the track-foreman of the street railway, and it was held that being the fellow servant of the motor-man, the latter could not recover for an injury caused by the negligence of such fellow servant. But the failure to provide a safe road-bed or material for it, such as sound

ties, or good rails and the like, is the negligence of the corporation and not of the section master. Indeed when this case was here before (122 N. C., 959) the Court said "If the defendant by having proper appliances (air brakes) and a good road-bed could have avoided the injury to the intestate, it is liable." That it is the negligence of the master not to have a safe road-bed, and that this duty cannot be shifted off on a subordinate, as the fellow servant of an employee, who is injured or killed, is almost universally recognized. *Chesson* v. *Lumber Co.*, 118 N. C., 59; *Railroad Co.* v. *Daniels*, 152 U. S., (at p. 688); *Hough* v. *Railroad*, 100 U. S., 213, 218; *Patton* v. *Ry. Co.*, 82 Fed. Rep., 979; *Lewis* v. *R. Co.*, 59 Mo., 495; McKinney Fellow Servants, Section 29, citing many cases, and 1 Shear. & Red. Neg., Section 197 (5th Ed.) and numerous cases cited in Note 12. Indeed the proposition requires no citation of authority. *Pleasants* v. *R. Co.*, 121 N. C., 492, instead of being an authority for the defendant clearly concedes (p. 496) that it was the duty of the railway company to keep its road-bed in safe condition and that it could not delegate this duty to a servant so as to exempt the company from liability to an employee for injury caused by a defective road-way.

It is true that on the first issue "Was the injury and death of plaintiff's intestate caused by the negligence of the defendant?" The Court charged the jury "If they found it was caused by reason of a defective road-bed, or of the cross-ties being defective or rotten they should answer the first issue Yes," but added "this is subject to instructions on second issue," and on the second issue he instructed the jury erroneously, as above pointed out, that they might find that "the failure to provide cross-ties was the fault of a fellow servant," a section

master.   These instructions are contradictory, and if the jury took the latter view as law, they necessarily would find, as they did on the first issue, that the railroad company was not guilty of negligence.

Error.