STATE v. ARTHUR McDOWELL and MANUEL HARTNESS.

(Decided December 23, 1898.)

## Tales Jurors—Challenges.

1. Persons who are not bystanders in the court may be summoned as talesmen, for when they come in they are bystanders. *State* v. *Lamon*, 10 N. C., 175.

2. Challenge is not given to the prisoner that he may select a particular individual on the jury, but that he should not have one against whom he had a valid objection.

INDICTMENT for robbery, tried before *Hoke, J.*, at Spring Term, 1898, of the Superior Court of CHEROKEE County.

The defendants were indicted for robbery from the person of William Bush.

In getting a jury, the original panel was exhausted and so were the talesmen summoned from the bystanders. Having failed to complete the jury, the Sheriff was directed by the Court to summon fifty or sixty freeholders, citizens residents of the county to attend the following day, that a jury might be procured; and an adjournment was taken until the following morning. The trial was proceeded with the next day, most of the persons summoned being in attendance.

The Court then directed the Sheriff to call into the box from any persons, who were then bystanders, and the same were tendered to State and defendants. The defendants having exhausted their peremptory challenges, objected to several of the jurors then summoned, for that they were not bystanders the day before, and were then present in court by reason of having been summoned by Sheriff for the express purpose of trying the case and were present by reason of said summons, and only for that reason.

STATE *v.* McDOWELL.

The Court overruled the cause of challenge, and no other cause being alleged, the jurors were sworn and the jury completed.

The Court did not direct the Sheriff in the morning to summon the remaining talesmen from the citizens he had notified to be present pursuant to order of Court, nor to confine himself to them, but directed the Sheriff to summons talesmen from any freeholders or citizens of Cherokee County who were then present, and jury was completed.

Nine of the jurors, who were so summoned and sworn were called from the number who had been notified to attend by Sheriff, pursuant to Judge's order, and had come from their homes pursuant to Sheriff's notice.

The jurors were otherwise competent and impartial. These nine were all sworn as jurors, and defendants objected for reasons above set out. Objection overruled and defendants excepted.

There was evidence on the part of the State tending to show that William Bush, the prosecutor, and his wife were going through Cherokee County in December, 1897, to their home in Tennessee, when they were pursued by the prisoners to a retired place in said county, where the prisoners raped the woman in presence of her husband—one defendant holding a drawn knife at the husband's throat, while the other ravished the wife; and both then robbed the husband and threatened to kill them if they didn't immediately leave the county or if they made known what had been done.

There was no exception to rulings of the Court on questions of evidence or to the charge.

Verdict, guilty; judgment; appeal by prisoners.

*Messrs. Ferguson & Ferguson,* for defendants (appellants.)

*Mr. Zeb V. Walser, Attorney General,* for the State.

FAIRCLOTH, C. J.: The defendant was tried and convicted of robbery. There was no exception to the evidence or the charge to the jury. The case was called on Wednesday. The regular jurors were exhausted by challenge for cause or peremptorily. The few persons in the court room were summoned as tales jurors and they were challenged for cause or peremptorily. Failing to get a jury from persons present or in call of the court, his Honor adjourned court until next morning and directed the Sheriff to summon fifty free-holders from the county to attend next day. Next day the Court directed the Sheriff to call any persons who were then bystanders into the jury box, and they were tendered. The defendant, after exhausting his peremptory challenges, objected to several of the jurors because they were not bystanders on the day before, and were then present only by reason of said summons by the Sheriff under said order of the Court. Objection overruled, and several of the said summoned jurors sat on the jury.

The case states that the jurors were otherwise competent and impartial. Motion for new trial was overruled and the defendants appealed.

At common law the jury is summoned by a *venire* and the Sheriff makes return of the writ. 1 Chitty Cr. Law, 505–509. In well nigh all the States the matter is regulated by statute. *Code,* Chapter 39. The power to arrange the order and to provide for the probable necessities of the business of the court, is incident to all courts. The order was not to bring in *talesmen* for any particular case;

it was an order to bring freeholders of the county within reach of the court, when it might become necessary to order *talesmen.* The order was an *expedient* act in reference to the business of the court. It was calculated to secure an impartial jury, by getting men from the county, honest, uncommitted, unbought and unmerchantable men, rather than the professional, loafing jurymen, who hang about the court houses, ready to be used if it should happen that prosecutors or prosecuting officers, or defendants or defendant's counsel or sheriffs, or their deputies should so far forget their occupation and honorable obligation as to bring them into the jury box. The purity of the administration of the criminal law does not seem to be endangered by such course. If growing out of the want of a venire, there was anything going to show that the prisoner is not tried by an impartial jury, *boni et legales homines,* that would be a ground for a new trial. There may be no bystanders then present, or all present may be unfit persons, or they may have been procured to be present by parties in anticipation of a failure of the regular panel. The business of the court must proceed with reasonable dispatch, without injury or prejudice to the rights of the accused. "Persons who are not bystanders in the court may be summoned as talesmen, for when they come in they are bystanders." 5 Bacon Ab., 337.

*State* v. *Lamon,* 10 N. C., 175, was a case of murder. The Sheriff summoned as talesmen men who were not bystanders in the court house, and it was held that when they came in they were bystanders and bound to serve, although they had been called from a distance.

*State* v. *Cody,* 119 N. C., 908, was a case of burglary. The defendant's exception was that the Judge, in order-

STATE *v.* McDOWELL.

ing a special venire, directed the Sheriff to summon as far as possible only freeholders who were not disqualified by our statute, *i. e.*, to summon *legales homines.* This was not only no error but was considered by this Court as a mode of getting a jury less liable to challenge than would be *tales* jurors picked up in the court room.

*U. S.* v. *Loughery,* 13 Blatch, 267, was an indictment for coining, and under an order of the Court the marshal summoned as jurymen persons not in or about the court house when the order was made, or when summoned, and it was held that they became bystanders when present, and the opinion states that, how long they had been present or how they happened to be present, is of no consequence, provided no fraud or collusion or improper action is suggested.

Challenge is not given to the prisoner that he should have a particular individual on the jury, but that he should *not* have one against whom he had a valid objection. In other words he has the right to accept or reject, but not the right to *select.*

The decided cases cited above are cases of felony, but we see no reason why the principle should not apply to misdemeanors, when a necessary occasion arises, provided always that no prejudice to the rights of the prisoner shall appear.

Affirmed.