### DOWDY v. WHITE.

(Filed March 12, 1901.)

VENDOR AND PURCHASER—*Breach of Contract—Evidence—Sufficiency.*

> The facts in this case held sufficient to constitute a contract to sell the land and that there was a breach thereof by the defendant.

ACTION by D. W. Dowdy against E. A. White, Emma White and Rufus White, executors of E. A. White, deceased, heard by Judge *A. L. Coble* and a jury, at November Term, 1900, of CRAVEN County Superior Court. From judgment for plaintiff, the defendants appealed.

*O. H. Guion,* for the plaintiff.
*D. L. Ward* and *Simmons & Ward,* for the defendants.

MONTGOMERY, J. This action was brought to recover from the defendant damages for an alleged breach of a written contract on the part of the testator of the defendant to

convey to the plaintiff the tract of land described in the com-
plaint. The contract does not consist of one paper-writing,
but is alleged to be embraced in a correspondence containing
numerous letters between plaintiff and the defendant's tes-
tator. The first letter, dated April 4, 1898, was from the
plaintiff, in which he inquired of the defendant's testator the
very lowest figure that would buy the land. The defendant's
testator answered that letter four days later, writing that he
would take $75 for the 33 acres, and further that "that is
less than $2.50 per acre and is very cheap. Were it not so
far from me, I would not sell it at that. Would make you a
deed at any time you may set." Four days afterwards, the
plaintiff replied that he would take the land at the defend-
ant's testator's price, and that in a few days he would place
the money in bank subject to the defendant's testator's order
to be paid upon the delivery of the deed. The plaintiff
further wrote in the reply that he had heard conflicting re-
ports about the acreage and title, and requested the testator
to let him know by return mail, and concluded the letter as
follows: "I am a poor man, and can not afford to lose or
have a lawsuit. You understand that of course you con-
sider it sold, and I will have the money ready in a short
time." The testator in rejoinder two days afterwards
(April 14, 1898), gave an abstract of the title and averred
that there were 33 acres in the tract; and closed by saying,
"Let me know and I will make you a deed at any time, so
you do not wait too long." A week later the plaintiff wrote
to the defendant's testator that he was satisfied about the
matter, and would take the land at the price agreed on; that
he did not have the money on hand at present, and asked de-
fendant to wait on him ten or fifteen days; that he hoped
the defendant would indulge him that much and not let any-
one else have the land until he should be heard from again.

Ten days afterwards (May 2d), the plaintiff wrote to the defendant's testator as follows: "New Bern, N. C., May 2, 1898, Hon. E. A. White. Sir:—I have acted under Mr. Pop'es instructions and deposited the money in the Farmers & Merchants Bank of New Bern. You can send the deed and get the money at any time you see fit. I would like to have it as soon as possible. I send herewith a receipt from the bank. Yours, etc., D. W. Dowdy."

On May 7, the defendant's testator wrote the plaintiff a letter in the following words: "Belvidere, N. C., May 7, 1898. Mr. D. W. Dowdy, New Bern, N. C. Dear Sir:— Am in receipt of your favor of 2d inst., with Mr. J. W. Biddle's receipt for $75 to be paid me upon delivery of deed by me to you. This receipt is a mere personal receipt, and not a receipt by the bank, as you seem to think. In looking over the correspondence, I find that it has been a month or thereabout since I offered to take $75 for the land. If you had at once placed the money in bank and called for a deed, I should have felt in honor bound to have made it. As you did not do this, you will have to excuse me, and let me see if I can not do much better than what you offer. I learn that there is some improvements going on in and around New Bern that will make my land more valuable. This I knew nothing about until within the last few days. I want to investigate the matter before I make a deed to any one. Respectfully, E. A. White."

The receipt was returned by defendant's testator to the plaintiff on May 20th. It contained a recital that the purchase-money ($75) had been placed with the teller of the bank for the payment of the land, and the teller testified that the money was kept as other moneys of the bank were kept, but separate to itself, and was to be paid out on the delivery of the deed, and that the money would have been paid out

on delivery of the deed whether the teller had been there or not; that if plaintiff had called for the money, he thinks he would have given it to him.

The first issue submitted to the jury was: "Did the defendant's testator E. A. White contract as alleged in the complaint to convey to the plaintiff the land referred to and described in the complaint? And the second issue was, "Was there a breach of said contract on the part of the defendant's said testator?"

The defendant requested the Court to instruct the jury that if they believed the evidence they should answer the first and second issues "No." His Honor declined to give the defendant's instructions, but charged the jury that if they believed the evidence they should answer the first and second issues "Yes."

There was no error in the refusal of the Court to give the instructions requested by the defendant, and the instructions which he did give were correct. If it be conceded that the letter written by the plaintiff to the defendant on the 12th of April was a conditional acceptance by the plaintiff of the defendant's testator's offer to sell, certainly the letter of the testator to the plaintiff of April 14th, and the answer thereto by the plaintiff of April 21st, made the contract complete—the offer certain and the acceptance certain. Up to the writing of those last two letters, whatever difficulties had been in the way had been adjusted and satisfactorily settled. Afterwards the defendant's testator said, "Let me know and I will make you a deed at any time, so you don't wait too long." Within the time agreed upon by the plaintiff the money had been deposited in bank by the plaintiff and the receipt therefor sent to the defendant's testator. Between the time of the plaintiff's letter to the defendant's testator asking for ten or fifteen days in which to raise the money, and the second

of May, when the receipt for the deposit was sent by the plaintiff to the testator, the testator made no dissent to the time desired by the plaintiff to raise the money because of its unreasonableness, or for any other cause; and the defendant's testator retained the recipt 18 days. The testimony of Biddle, the teller, tended to show that the purchase-money had been deposited in the bank on the 2d of May, and that it was ready to be paid out on the delivery of the deed.

There is nothing in the correspondence on the part of the defendant's testator to show that time was of the essence of the contract—"So you do not wait too long" was all that was required. The plaintiff delayed only ten or twelve days after notifying the defendant's testator of his wish for that much delay, which was altogether reasonable.

The correspondence of the testator after the 14th of April did not concern the contract, but was merely an excuse for the non-performance of his part of the contract.

No error.