WRIGHT v. RAILROAD.

(Filed April 2, 1901.)

1. APPEAL—*Former Appeal—Former Adjudication.*

> An appeal on a point decided on a former appeal will not be allowed.

2. MASTER AND SERVANT—*Railroads—Negligence—Personal Injuries—Damages.*

> The doctrine of fellow servant does not apply to a brakeman who is injured in consequence of a defective road-bed caused by the negligence of the road master.

ACTION by R. Lee Wright, administrator of Wilson Williams, against the Southern Railway Company, heard by

Judge *George H. Brown* and a jury, at February Term, 1901, of ROWAN County Superior Court. From a judgment for the plaintiff the defendant appealed.

*Lee S. Overman, A. C. Avery* and *R. Lee Wright,* for the' plaintiff.
*A. H. Price,* for the defendant.

CLARK, J. The only exception taken at the trial which is relied on at the argument here is the refusal of the Judge to submit the further issue, "Was the death of the said intestate caused by the negligence of a fellow servant?" The defendant contends, as set forth in his brief, that there was evidence upon his third defense in the answer, which, if submitted to the jury upon such issue, was sufficient to show that the defendant "furnished sound ties to keep the road in good and safe repair, and other proper material and a good, reliable section master, whose duty it was to keep the road in repair; and if it was not in good and safe repair it was negligence on the part of the section master, whose negligence was that of a fellow servant. The duty owed by the master to the servant, the brakeman (plaintiff's intestate), was to furnish the ties, and a competent section master, and when this is done its duty is discharged."

This is the defendant's contention, as clearly and succinctly set out in the brief of its learned and able counsel. The Judge properly held that on former appeal in this case, this Court had held that defense untenable, and he refused to submit it to the jury. The injury occurred before the passage of the "fellow servant act" of 1897, and hence is not affected by it. *Rittenhouse v. R. R.,* 120 N. C., 544. The same contention was before this Court in this case on a former appeal, 123 N. C., 280, and as ruled by his Honor below, it was expressly decided. It was there said, "When this case was here

before (122 N. C., 959), the Court said: 'If the defendant, by having proper appliances (air-brakes) and a good road-bed, could have avoided the injury to the intestate, it is liable.' That it is the negligence of the *master* not to have a safe road-bed, and that this duty can not be shifted off on a subordinate, as the fellow-servant of an employe, who is injured or killed, is almost universally recognized," (here the Court cited numerous authorities) and added, "Indeed, the proposition requires no citation of authority. *Pleasants v. R. R.,* 121 N. C., 492, instead of being an authority for the defendant, clearly concedes (page 496) that it was the duty of the railway company to keep its road-bed in safe condition, and that it could not delegate this duty to a servant so as to exempt the company from liability to an employe for injury caused by a defective roadway."

After this express decision on a former appeal in this same case, of the very point now presented, the present appeal is neither more nor less than an attempt to review the former ruling, not by a rehearing, in the required method, but by a second appeal presenting the same point, and this is not allowable. *Pretzfelder v. Ins. Co.,* 123 N. C., 164; *Shoaf v. Frost,* 127 N. C., 306.

Besides, as an original proposition (*i. e.,* if it had not been already decided on the former appeal and in the cases therein cited), the fellow-servant doctrine never extended further than those things happening in the operation of the road. The furnishing proper appliances and safe road-bed is the duty of the master. The master can not be heard to say that it is not responsible for defective road-bed, or dangerous engines and cars, because it furnished good iron, and cross-ties and other material—and by the negligence of its employes the construction of appliances or road-bed was unsafe. The responsibility of supervision and acceptance is on the master. It is not like the negligence of a fellow servant in the opera-

tion of the business, which is instantaneous and beyond control of the master other than in the selection of careful, proper servants. But even in that regard, the exemption of the employer from responsibility which grew up by judicial construction has been repealed by statute so far as railroad companies are concerned.

No error.