KRAMER v. SOUTHERN RAILWAY CO.

(Filed May 14, 1901.)

FORMER ADJUDICATION—*Res Judicata*—*Rehearing.*

> It is not allowable to rehear a cause by raising on a second appeal the same points decided on a former appeal.

ACTION by Sarah Kramer, administratrix of Hugo Kramer, against the Southern Railway Company, heard by Judge *E. W. Timberlake* and a jury, at February Term, 1901, of the Superior Court of McDowell County. From a judgment for the plaintiff, the defendant appealed.

*E. J. Justice,* for the plaintiff.
*George F. Bason,* for the defendant.

PER CURIAM. The appellant begins his brief as follows: "It is admitted that the charge of the Court was correct and proper under the decision of this Court in this same case (*Kramer v. R. Co.,* 127 N. C., 328), but it is respectfully submitted that there was error in that decision, and this case is brought back by appeal to this Court for the purpose of reviewing that decision." This is the sole point presented.

No Court can admit such practice. There must be an end to litigation. The point decided on the former appeal is *res*

*judicata* in this case between these parties. It was the duty of the Judge below to follow our decision. It would have been judicial insubordination for him not to have done so. We can not adjudge that he was in error in obeying our mandate.

If there was error, the remedy was not in applying to the lower Court to disregard and overrule the decision of this Court, and appealing from his refusal to do so. The remedy was solely by application to this Court to correct its own errors, if any, by a rehearing. *Wright v. R. Co.,* at this term; *Shoaf v. Frost,* 127 N. C., 306; *Pretzfelder v. Ins. Co.,* 123 N. C., 164. In the present case there is, if possible, less defence for the appellant's action, because, in fact, there was a rehearing on the former appeal, and the opinion (127 N. C., 328) was the deliberate conclusion of the Court after a second hearing. This appeal, if admissible, would be in effect a second rehearing, and therefore a third hearing in this Court of the same point between the same parties.

The judgment below is
Affirmed.