PERRY v. WESTERN NORTH CAROLINA RAILROAD CO.

(Filed December 17, 1901.)

1. APPEAL—*Former Adjudication—Former Appeal.*

An appeal on a point decided on a former appeal is not allowable.

2. JURY—*Judge—Discretion—Challenge.*

A trial judge may excuse a juror because he is related to a witness.

3. LEASE—*Railroads—Damages—Negligence.*

The lessor of a railroad is liable for the negligence of the lessee in the operation of the road.

MONTGOMERY and COOK, J.J., dissenting.

ACTION by J. A. Perry, administrator, against the Western North Carolina Railroad Company, heard by Judge *M. H. Justice* and a jury, at August Term, 1901, of the Superior Court of BURKE County.

T. A. Simpson, a juror, was challenged by plaintiff because he was related to R. E. Simpson, conductor of the train which killed plaintiff's intestate, R. E. Simpson being a witness for the defendant. The Court, in its discretion, excused the juror, to which defendant excepted. From a judgment for the plaintiff, the defendant appealed.

PERRY *v.* RAILROAD.

*Avery & Avery,* for the plaintiff.

*Geo. F. Bason,* for the defendant.

DOUGLAS, J.   This case was before us at the last term of this Court, being reported in 128 N. C., 471.   The questions there decided remain the law of the case, and can not be re heard under the form of a second appeal.   *Pretzfelder v. Ins. Co.,* 123 N. C., 164; *Shoaf v. Frost,* 127 N. C., 306; *Wright v. Railroad,* 128 N. C., 77; *Kramer v. Railway Co.,* 128 N. C., 269.   The case now practically presents the same material points then decided, except the error for which a new trial was then granted.   As we see no substantial error in the trial of the action, we must affirm the verdict.

We see no error in his Honor excusing the juror as a matter of discretion.   *State v. Barber,* 113 N. C., 711; *State v. McDowell,* 123 N. C., 764.   In the latter case, this Court says, on page 768: "Challenge is not given to the prisoner that he should have a particular individual on the jury, but that he should *not* have one against whom he had a valid objection.   In other words, he has the right to accept or reject, but not the right to *select.*"

In spite of what we said in our former opinion, the defendant again comes here with an exception to the finding of the Court of the fourth issue in favor of the plaintiff.   This issue is as follows: "Is the defendant answerable for the negligence of the Southern Railway Company in causing the death of the plaintiff's intestate?"   This issue was properly answered in the affirmative on the record and decision in the James case, reported in 121 N. C., 523.

We can only say that we reaffirm that case in every essential particular.   We are of opinion that the Western North Carolina Railroad Company still exists under its charter as a North Carolina corporation.   If it does not so exist, then it has no legal existence whatever; and grave questions must

arise as to the illegal use of its franchise and the tenure of its easement.

While we are of opinion that the construction of the statutes of this State is peculiarly within our jurisdiction, and especially those creating corporations which have no natural right of existence, we do not think that the case of *James v. Central Trust Co.,* 98 Fed. Rep., 489, tends to sustain any doctrine inconsistent with those laid down by us in the James case.

If this exception is intended to raise the question of the liability of the lessor, we can only repeat what we said before: "That a railroad company leasing its road is liable for the negligence of its lessee in the operation of the road, is well settled in this State." *Aycock v. Railroad,* 89 N. C., 321, 330; *Logan v. Railroad,* 116 N. C., 940; *Tillett v. Railroad,* 118 N. C., 1031, 1043; *James v. Railroad,* 121 N. C., 523, 528; *Benton v. Railroad,* 122 N. C., 1007, 1009; *Norton v. Railroad,* 122 N. C., 910, 937; *Pierce v. Railroad,* 124 N. C., 83, 93; *Perry v. Railroad,* 128 N. C., 471, 473; *Raleigh v. Railroad* and *Harden v. Railroad,* at this term.

The judgment is affirmed.

MONTGOMERY, J. I dissent on the same ground that I did when the case was on its first hearing—reported in 128 N. C., 471.

COOK, J., dissents.