HOLLEY v. SMITH.

(Filed March 18, 1902.)

GRANT—*Public Lands—Evidence—Collateral Attack—The Code, Sec. 2751, Subsec. 1, and Sec. 2755.*

Where a grant covers land not subject to entry, or is issued contrary to a statute, it is void, and may be attacked collaterally.

ACTION by Thos. D. Holley against William Smith, heard by Judge *O. H. Allen* and a jury, at November Term, 1901, of the Superior Court of BERTIE County. From a judgment for the plaintiff, the defendant appealed.

*R. B. Peebles,* for the plaintiff.
*Pruden & Pruden,* and *Shepherd & Shepherd,* for the defendant.

CLARK, J. The complaint alleges that the plaintiff entered the land "covered by the waters of Chowan River, which was then and is now a navigable river," with boundaries described, within which is the *locus in quo* (which is front of defendant's land), and obtained a grant from the

HOLLEY *v.* SMITH.

State therefor, and that the defendant daily trespasses thereon by setting Dutch and pound nets to catch fish, that this interferes with plaintiff's seining at that place, that defendant has no property above his exemptions, and seeks damages and injunction against further trespasses.

At the trial, the defendant offered to show that the grant to the plaintiff was null and void because if the dividing line between the plaintiff and defendant were extended in a straight line, run at a right angle to the shore-line, the *locus in quo* was in front of defendant's land. The plaintiff objected on the ground that the grant could not be collaterally attacked. Objection sustained, and defendant excepted. Verdict for damages. Judgment therefor, and perpetual injunction.

It is true that a grant for land lying in a county to which the entry laws apply, can not be attacked collaterally for fraud or mistake in procuring such grant. *Dosh v. Lumber Co.,* 128 N. C., 84. But it is equally well settled that when the grant covers land not subject to entry, or is issued contrary to a positive prohibition contained in a statute, it is void, and can be attacked collaterally. *Gilchrist v. Middleton,* 107 N. C., 663; *Lovingood v. Burgess,* 44 N. C., 407; *Stanmire v. Powell,* 35 N. C., 312. All of these cases are cited with approval in *Dosh v. Lumber Co., supra.* The land here in question, as was admitted on the trial, is covered by the navigable waters of the Chowan River, and therefore it was not subject to entry, except for wharves by the adjacent riparian owner in front of his own property (Code, Sec. 2751 (1), and even then subject to restrictions. *Bond v. Wool,* 107 N. C., 139. Section 2755 denounces every entry made and every grant issued in violation of the provisions of that chapter (2 Code, Chap. 17) as void. In excluding the evidence offered, there was

Error.

DOUGLAS, J., concurring. I concur in the opinion of the Court upon the grounds therein stated; but I do not understand that it determines in any way the right of the defendant to plant posts or stakes in a navigable stream, as affecting either the right of navigation or of fishery. In other words, it does not conflict with anything said by this Court in *State v. Baum,* 128 N. C., 600.