## HOLLEY v. SMITH.

(Filed February 24, 1903.)

1. REHEARINGS—*Appeal.*

When a matter of law has been decided by the supreme court it can be reviewed only on a rehearing, and can not be again questioned in the same case on a subsequent appeal.

2. GRANTS—*Water and Water-courses—Navigable Waters—Acts 1891, ch. 532—Acts 1893, ch. 4.*

A person making an entry of land covered by navigable waters is confined to straight lines, including only the fronts of his own land.

ACTION by Thos. D. Holley against William Smith, heard by Judge *George A. Jones* and a jury, at November Term, 1902, of the Superior Court of BERTIE County. From a judgment for the defendant, the plaintiff appealed.

*J. B. Martin, Day & Bell,* and *Battle & Mordecai,* for the plaintiff.

*Pruden & Pruden,* and *Shepherd & Shepherd,* for the defendant.

CLARK, C. J. This is the same case that was before us in 130 N. C., 85. The plaintiff avers that the Court, in that decision, overlooked chapter 532, Laws 1891. But if so, his remedy was by petition to rehear. . The former decision is the law of this case, and the appellant can not escape the safeguards and requirements exacted for rehearings by simply taking another appeal presenting exactly the same proposition of law to the Court. *Perry v. Railroad,* 129 N. C., 333, and cases there cited.

But, treating this as an original appeal, there is no error. The Act of 1891 (chapter 532), which was repealed by Act of 1893, chapter 4, especially provided that persons making entry of land covered by navigable water should be "confined

HOLLEY *v.* SMITH.

to straight lines, including only the fronts of their own lands." The *locus in quo* is not in front of the plaintiff's land, but in front of another's, and as to such land the entry was unauthorized by law and void.

No Error.