## HARRIS v. QUARRY CO.

(Filed December 13, 1904).

1. NEGLIGENCE—*Evidence—Questions for Jury.*

> In this action for personal injuries received while drilling out an unexploded blast in a rock, there is sufficient evidence of negligence to be submitted to the jury.

2. APPEAL—*Former Adjudication.*

> An appeal on a point decided on a former appeal is not allowable.

3. PLEADINGS—*Master and Servant—Evidence—Negligence.*

> The employer is responsible for the negligence or incompetency of a vice-principal in the scope of his authority, and it need not be alleged that he was vice-principal, or that his incompetency was known to the principal, to let in proof that the injury occurred by the negligence or incompetency of such vice-principal.

Action by I. G. Harris against the Balfour Quarry Company, heard by *Judge Thomas J. Shaw* at May Term, 1904, of the Superior Court of Henderson County. From a judgment for the defendant the plaintiff appealed.

*Smith & Valentine,* for the plaintiff.
*Merrick & Barnard,* for the defendant.

Clark, C. J.  This case was before us (131 N. C., 553) and a new trial was granted because, in the opinion of a majority of the Court the pleadings were insufficient to justify the admission of evidence, and also that the evidence, as then sent up, did not show any negligence. The pleadings have since been amended to conform to the views then expressed by the Court and the evidence is also fuller, and the case should have been submitted to the jury. The witness who on the former appeal was not shown to be an expert, was on this

trial found by the Court to be an expert, and testified in effect that it was dangerous and known to be dangerous to drill out an unexploded hole without ascertaining that it had actually fired, that it could be learned by proper examination whether or not it had been fired, and that it was carelessness not to make such examination before ordering the hole to be drilled; that it could be ascertained whether the charge had gone off, and ordinarily this was ascertained by using a battery. No battery was used on this occasion and there was no examination by the "boss" or any skilled operative. The evidence is that two laborers supposing (after first differing about it) the hole had been fired, the vice-principal in charge of the quarry, without making any examination himself or having it made by a skilled man, ordered the two men to clean it out; that they called the plaintiff to come and help them "churn" out the hole; that he did not go, whereupon the vice-principal ordered him to go; that the hole was cleaned out by "churning" (which is done by raising a steel drill and dropping it hard into the hole); that the plaintiff was employed to drill holes, and it was not the rule in the quarry for men who drilled holes to clean out the tamping; that while "churning" the boss told them to hurry up and in so doing they raised the drill higher, when its fall exploded the charge by which the plaintiff lost an eye and an arm, one of the other laborers was killed and the third was badly injured. There was evidence of negligence and the case should have been submitted to the jury, after opportunity to the defendant to show a different state of facts, if it could.

The ruling on the former appeal (131 N. C., 553) that in actions for negligence where the negligence alleged is that of a vice-principal, the complaint must allege that the negligence was that of a vice-principal, that he was such vice-principal and that the employer had knowledge of his incom-

petency, cannot be questioned on this second appeal in the same case (*Perry v. Railroad*, 129 N. C., 333), and if it could be it is not presented because the pleadings have been amended in that particular and there is no exception presenting the point. We would not overrule any case upon an *obiter dictum*. We simply would not be understood by our silence as re-affirming the former opinion upon that point. The employer is responsible for the negligence or incompetency of a vice-principal in the scope of his authority, and it need not be alleged that he was vice-principal, or that his incompetency was known to the principal, to let in proof that the injury occurred by the negligence or incompetency of such vice-principal. His act is the act of the principal.

Error.