### H. M. ROBERTS *v.* JOHN J. BALDWIN.

(Filed 24 May, 1911.)

1. Appeal and Error—Former Appeal—Adjudication—Finality.

When a case is sent back to the Superior Court for a new trial for errors committed, matters therein decided on the former appeal to the Supreme Court will not be considered on a subsequent appeal of the same cause of action.

2. Water and Water Courses — Surface Waters, Diversion of — Limitations of Actions—Evidence—Questions for Jury.

When there is conflicting evidence upon an issuable question regarding the statute of limitations in an action for damages against an upper proprietor for diverting surface waters from their natural flow to the injury of the lower proprietor, the court cannot say, as a matter of law, whether or not the statute is in bar.

3. Water and Water Courses—Surface Water—Wrongful Diversion —Continuous Trespass — Measure of Damages — Limitation of Actions.

In an action for damages caused to the lands of the lower proprietor by the alleged wrongful diversion of the flow of water by the upper proprietor through a ditch on the lands of the latter, issues tendered by the defendant restricting the inquiry upon the statute of limitations to the length of time the ditch had been

dug is erroneous, as the ditch may have been dug and used continuously for more than three years and have caused damages within that period.

#### 4. Same—Instructions.

Damages being sought by the lower proprietor in his action against the upper proprietor for the wrongful diversion of surface water through a ditch on the latter's lands, which had been dug for more than three years, it is proper for the trial judge to confine the jury in awarding damages to the injury inflicted within the three years.

#### 5. Issues—Court's Discretion.

The form of issues is within the discretion of the lower court, provided they are sufficient to determine the rights of the parties and to support the judgment.

#### 6. Waters and Water Courses—Surface Water—Wrongful Diversion —Measure of Damages—Crops.

A lower proprietor may recover damages to his crops in addition to that to his lands in an action against the upper proprietor for wrongfully diverting the flow of surface water.

#### 7. Same—Duty of Lower Proprietor.

A lower proprietor is not required to avoid the damages to his land by digging ditches to carry off surface water wrongfully diverted from its natural flow by the upper proprietor to the injury of the former.

#### 8. Objections and Exceptions—"Charge as a Whole"—Appeal and Error.

A broadside exception to a charge as a whole is untenable on appeal.

APPEAL from *Councill, J.,* at the May Term, 1910, of HENDERSON.

This is an action to recover damages for the wrongful diversion of rain or surface water from the lands of the defendant to the lands of plaintiffs by means of a ditch cut by the defendant. The cause was tried at a former term of the Henderson Superior Court, and the appeal, which was taken at that time, was heard and considered by this Court at Fall Term, 1909. See *Roberts v. Baldwin,* 151 N. C., 407.

The plaintiffs allege that said ditch was cut about five years before the commencement of the action; that by means thereof a large quantity of surface water was collected and thrown on the

lands of the plaintiffs, and that this had continued up to the commencement of the action. This is denied by the defendant. The defendant, among other things, pleads the statute of limitations of three years.

The plaintiffs offered evidence to sustain the allegations of the complaint, and evidence to the contrary was offered by the defendant.

The defendant moved for judgment on the pleadings before evidence was introduced, and for judgment of nonsuit at the conclusion of the evidence. Both motions were refused, and the defendant excepted as to each.

The same reason was assigned in support of each of these motions, to-wit: That the complaint alleged that the injury was continuous, and that it originated more than three years before the commencement of the action, and that therefore the action was barred by the statute of limitations.

The defendant tendered the following issues, which were refused, and the defendant excepted:

1. Was the ditch complained of by plaintiff dug by defendant more than three years before the commencement of this action?

2. Was the ditch dug by defendant operated and used continuously to carry the surface water from defendant's land for more than three years before the commencement of this action?

3. Did the plaintiff, by her negligence, or of those acting under or for her, contribute to the damage claimed by the plaintiff?

4. Was the negligence of plaintiff, or those acting under or for her, the proximate cause of damage to plaintiff's lands?

5. Have the lands of the plaintiff described in the complaint been damaged by the defendant by reason of the ditch cut by him, causing water on defendant's land to be diverted from its natural course and to overflow plaintiff's land, and if so, how much?

The court submitted the following issues:

1. Did the defendant, by the use of the ditch cut by him, divert the natural flow of the water on the lands of the plaintiff? Answer: Yes.

2. What damage has the plaintiff sustained by reason of such diversion of the water? Answer: $150.

The defendant contended that the plaintiffs, if entitled to recover damages, could not recover for injury to crops in addition to injury to the lands.

The defendant also requested the court to give the following instruction on the issue of damages, which was refused, and the defendant excepted:

"In any event, if you should find all of the issues in favor of the plaintiffs, then in that case you are instructed that the measure of plaintiffs' damages would be the amount that it would cost the plaintiffs to dig a ditch from B to C of sufficient capacity to carry off the water from B."

*Charles F. Toms, Staton & Rector, O. V. F. Blythe and J. W. Pless for plaintiff.*

*Shipp & Eubank and Smith & Schenck for defendant.*

ALLEN, J., after stating the case.  1. The first and second exceptions to the refusal to enter judgment for the defendant upon the pleadings, or to nonsuit on the evidence, cannot be sustained.

The same question was presented and considered on the former appeal in this action (151 N. C., 408), and the Court then said: "The defendant pleaded the three-years statute of limitations and relied upon Revisal, sec. 395 (3): 'Action for trespass upon real property.  When the trespass is a continuing one, such action shall be commenced within three years from the original trespass, and not thereafter.'  His Honor erred in sustaining the plea.  This is not a continuing trespass.  It is irregular, intermittent and variable, dependent upon the rainfall as to quantity of water poured upon the plaintiff's land, and in frequency of occurrence.  It is true the ditch, which was dug more than three years before suit brought, has been continuously there, but that is on the defendant's land.  The trespass is the pouring-down of water upon the plaintiff's land, which comes down at irregular periods and in varying quantities, to the injury of his crops and land.  The plaintiff can recover for any injury, caused by water diverted from its natural course, within three years before the action began."

It has been repeatedly decided that a judgment of this Court

cannot be reviewed by a second appeal. *Pretzfelder v. Ins. Co.,* 123 N. C., 164; *Harris v. Quarry Co.,* 137 N. C., 204; *Green v. Green,* 143 N. C., 410.

If, however, there was merit in the contention of the defendant, and it had not been heretofore considered, there are not facts appearing on the record, or admitted by the pleadings on which the Court can declare, as matter of law, that the cause of action is barred by the statute of limitations. The defendant denies the allegation that he had committed a continuous trespass, which commenced more than three years before the commencement of the action, and should not complain if the Court declines to act upon the allegation as a fact in the case.

*Oldham v. Rieger,* 145 N. C., 258, in which the distinction is clearly drawn between the cases in which the Court may decide the plea of the statute of limitations, as matter of law, and when it cannot do so, is in point. *Justice Walker,* speaking for the Court, says: "When the complaint sets out a cause of action which is clearly barred, and the facts *are admitted* by the answer, and, in addition to the admission, the statute is pleaded or relied on, then the Court may decide the question as a matter of law. This was the case, as will appear by reference to the statement of the facts in *Shackelford v. Staton,* 117 N. C., 73, and *Cherry v. Canal Co.,* 140 N. C., at p. 426, in the last of which cases *Justice Hoke* says: 'The facts are uncontroverted.' But when the complaint states a cause of action apparently barred, and the answer properly denies the facts or the cause of action, and then sets up the bar of the statute, the Court cannot dismiss upon a demurrer *ore tenus* or a motion to nonsuit, for when such a motion is made it must be decided upon the pleadings of the plaintiff or of the adversary of the party who makes the motion, and the Court has no right to look at the pleading of the opposing party, except to see if the facts are admitted, so as to present merely a question of law."

The defendant did not ask that an issue be submitted on the plea of the statute. The first and second issues tendered may have been so intended, but they did not embody sufficient facts. The ditch may have been dug and used continuously for more

than three years before the commencement of the action, and the injury to the plaintiffs may have occurred within the three years.

In *Hocutt v. R. R.,* 124 N. C., 218, the ditches complained of had been cut and in use for more than twenty years, but it was held that the action was not barred because the right of action did not accrue until the plaintiff was injured.

The case seems to have been tried on this theory, as the plaintiffs confined their evidence to injuries sustained within three years, and the court charged the jury: "You cannot consider any damage either to crops or to the land of the plaintiffs prior to three years next before bringing this suit. You can go back three years from the time the summons was issued in this case and assess damages both to the land and the crops for that period. You cannot go beyond that in arriving at damages either as to the injury to the land or crops."

2. The issues adopted by the court were sufficient to enable the defendant to present his contentions and to develop his case, and this is all he was entitled to. The form of the issues is within the discretion of the judge of the Superior Court, provided they are sufficient to determine the rights of the parties and to support the judgment. *Kimberly v. Howland,* 143 N. C., 398; *Clark v. Guano Co.,* 144 N. C., 71.

3. There was no error in allowing the plaintiff to recover damages for loss of crops in addition to injury to the land. *Ridley v. R. R.,* 124 N. C., 38; *Beasley v. R. R.,* 147 N. C., 366.

The action in *Ridley v. R. R., supra,* was commenced in 1892, before the act providing for the assessment of permanent damages against railroads, and was decided under the general law, and it was there held that the plaintiff was entitled to a judgment of $800 upon a verdict finding the damage of the land to be $500 and the damage to the crops $300, and it was approved in *Beasley v. R. R., supra.*

4. We do not think the rule requiring a party injured by the wrongful act of another, to do what he reasonably can to decrease the damages, should be extended, as the defendant contends. To do so would set a premium on illegal conduct and would render useless many of the drainage acts of our State. If the prayer

for instruction refused by the court embodies a .correct legal principle, it is unnecessary for the upper proprietor to institute legal proceedings to drain through the lands of the lower proprietor.

He may cut his ditches when and where he pleases; may collect and divert water and pour it on the lands of the lower proprietor, and then require him to cut ditches on his land to take care of this water, or, failing to do so, his damages are limited to the expenses he would have incurred in cutting the ditches.

But the instruction as framed could not have been given in any event. The instruction limits the recovery to the cost of digging a ditch from B to C, of sufficient capacity to carry off the water from B. There is evidence in the record that there are ditches on the lands of the plaintiffs between C and the creek, and that the effect of keeping open a ditch from B to C would be to fill up these ditches.

· One witness said:

Q. Wouldn't it be a good thing to keep the ditch, B-C, open? A. I think it would be a big mistake; it would fill up all Robert's ditches between there and the creek.

If the law imposed on the plaintiffs the duty of taking care of the water, surely it would not deny to them the cost of enlarging the ditches from C to the creek, made necessary by the acts of the defendant. The instruction would do so, and, if given, this evidence referred to could not be considered.

5. There were several instructions prayed for that are not set out, because none of them were directed to the issues, and conclude, "the plaintiffs cannot recover." *Bradley v. R. R.,* 126 N. C., 740; *Foy v. Winston,* 135 N. C., 440; *Earnhardt v. Clement,* 137 N. C., 93.

We think, however, the substance of them, where pertinent, was embraced in the charge.

6. The exception to the charge as a whole is untenable. *Sigmon v. R. R.,* 135 N. C., 181. The case is similar to the case of *Briscoe v. Parker,* 145 N. C., 14, and has been correctly tried.

No Error.