The facts are sufficiently stated in the opinion of the Court by Mr.Justice Walker.
An examination of the record in this case discloses the fact that every question now raised was presented in the former appeal and then decided by this Court. If it was material at the former hearing for the plaintiff to have established its incorporation, the nonsuit should have been sustained, and there is no less evidence of that fact now than there was then. But we concur with the judge, who presided at the trial, that the question of incorporation is not sufficiently raised by the pleadings, and, besides, if our former decision was correct, the appellant (railway company) dealt with the plaintiff as if it had been duly incorporated and had the capacity to enter into the contract, whether express or implied. Bank v. Duffy,156 N.C. 83.
The question as to the statute of frauds, and the remaining one as to the authority of H. O. McArthur to act for the company in the particular matter, were both passed upon when the case was here before. The evidence is not substantially different from what it was in the former appeal. We then held that it was sufficient for submission to the jury, and we must so decide now, as the same question cannot be raised by a second appeal, but it must be done by a petition to rehear the case, and for a reversal of our decision, if we were in error. Jones v. R. R.,131 N.C. 133; Wright v. R. R., 128 N.C. 77; Kramer v. R. R., ibid., 269;Holley v. Smith, 132 N.C. 36. The motion to nonsuit is governed by the same rule. We do not mean to imply that our former rulings were erroneous, but simply that they cannot be reviewed in this way. There is no practical difference between this case and the one we formerly heard. Assuming that McArthur had sufficient authority to represent defendant, which we formerly decided to exist, the ruling that the promise to pay the plaintiff its charges for medical and other services to Miss Hobbs, as an original one, is not affected by the statute of frauds, and, therefore, is not required to be in writing, finds (462) some support in two cases decided at this term, Peele v. Powell,156 N.C. 553, and Whitehurst v. Padgett, ante, 424.
No error.