ALEXANDER PRICE AND MARY H. PRICE v. NORFOLK SOUTHERN
RAILROAD COMPANY.

(Filed 3 March, 1920.)

Waters—Surface Waters—Damages—Negligence—Evidence—Railroads—
Ditches—Culverts—Instructions.

Evidence tending to show that only since the construction of defendant's
railroad track, without culverts, water had been ponded back on plaintiff's
land, injuring his lands and crops, is sufficient to sustain a verdict for
damages in plaintiff's favor, accruing three years next before the com-
mencement of the action, it being negligence in either event, whether the
damages were caused by the building of the road or the defendant's failure
to keep its ditches clear or free from obstructions, etc.; and an instruction
based upon evidence of this character embodying these principles, is
correct.

CIVIL ACTION, tried before *Kerr, J.,* at November Term, 1919, of
CRAVEN, upon these issues:

"1. Are plaintiffs the owners of the land described in the complaint?
Answer: 'Yes.'

"2. Were the plaintiffs' lands and crops damaged by the negligence
of the defendant, as alleged in the complaint? Answer: 'Yes.'

"3. If so, what damages are plaintiffs entitled to recover? Answer:
'$1,000.'"

The defendant appealed.

*D. S. Ward* for plaintiffs.
*Moore & Dunn* for defendant.

BROWN, J.    We have examined the several exceptions to the evidence,
and find no substantial error in them, certainly none that would justify
us in ordering another trial, and we do not deem it necessary to discuss
them.    The prayer for instruction that upon the whole evidence, if
believed, the jury should answer the second issue "No" was properly
refused.

The plaintiff offered evidence tending to show that the drainage was
sufficient before the railroad was constructed, but on account of the
ditches being filled up, and there being no culvert, the water could not
get through, and consequently injured the plaintiff's land and crops by
backing up on it.    This evidence, if believed, makes out a cause of action,
and entitles the plaintiff to recover damages for three years preceding
the commencement of the action.  *Duvall v. R. R.,* 161 N. C., 448;
*Roberts v. Baldwin,* 155 N. C., 276; *Davenport v. R. R.,* 148 N. C., 287.

The defendant excepted to the following charge: "If you find from
the evidence, by its greater weight, that the railroad company failed and

FIELDS *v.* BRINSON.

refused to keep its railroad ditch, or ditches, along its right of way open and free of obstruction, and failed to keep the same clean in such a manner as to allow the water to flow along the same, and by reason of said negligence the flow of water was impeded, and the flow was turned, upon the plaintiffs' land, and stood thereon, and sobbed and soured the same, and destroyed the plaintiffs' growing crops, and find that this endangered and probably caused the plaintiffs' injury and damage, then you would answer the second issue 'Yes.' "

The learned counsel for the defendant insists that this charge is erroneous, because there is nothing in it which requires the jury to find that the water had been diverted by the defendant from its natural course and turned upon the plaintiffs' land.

Taking the charge as a whole, we think it a very clear exposition of the law, and that the jury could not have misunderstood the question in, controversy. It matters not whether the water was diverted from its natural course onto the plaintiffs' land by the construction of the road, or whether injury was caused by the defendant failing to keep its ditches on its right of way open and free of obstruction, so as to allow the water to flow along the same, and thereby the flow of water was turned upon the plaintiffs' land by reason of said negligence. Either would constitute, if established, such negligence as would render the defendant liable for the injury incurred within the principle laid down in the above cited cases.

No error.