C. J. SHOAF & CO. v. E. FROST.

*Exemptions—Allotment— Valuation on Appeal—Reallotment—Practice.*

1. Upon an appeal from an appraisal of homestead and personal property exemptions, under the provisions of Ch. 347, Acts of 1885 (amendatory of Sec. 519 of *The Code*) the valuation as determined by the verdict of the jury is final and the commissioners appointed by the Court to set apart the exemptions in accordance with the verdict must be guided by that valuation.

2. Upon an appeal from the appraisal of homestead and personal property exemptions and the assessment of the value thereof by a jury, the commissioners to set apart the exemptions in accordance with the verdict must be appointed by the Court and summoned by the sheriff.

ACTION tried at Fall Term, 1894, of DAVIE Superior Court, before *Battle, J.*, upon exceptions filed by plaintiffs to the allotment of homestead and personal property exemptions to defendant.

Upon the trial the following issues were tendered by plaintiffs and submitted to the jury:

"1. Was the land allotted as a homestead worth more than $1,000 at the time of allotment? 'Yes.'

"2. If yes, what was the land then worth? Answer, '$2,000.'

"3. Was the personal property allotted as a personal property exemption worth more than $500 at the time of the allotment? 'Yes.'

"4. If yes, what was said property then worth? Answer, '$600.' "

The defendant objected to the 2d and 4th issues, and insisted that the jury could only pass upon the question whether the homestead and personal property exemption, as allotted, were excessive. Objection overruled and defendant excepted.

The Court thereupon adjudged that the allotment of both real and personal property be set aside, and, further, that the Sheriff summon three freeholders to go upon the premises and reallot the homestead and personal property of the defendant, and appraise the same, guided by the verdict of the jury in this proceeding and report to the next term of Court. The defendant excepted and appealed.

*Messrs. Watson & Buxton,* for plaintiff.
*Messrs. Glenn & Manly,* for defendant (appellant).

CLARK, J.: The Act of 1885, Ch. 347, amendatory of section 519 of *The Code,* provides that if the homestead appraisal or assessment shall be increased or reduced by the jury on appeal " the jury shall assess the value of the property embraced therein " and that " the Court shall appoint three commissioners to lay off and set apart the homestead and personal property exemption *in accordance with the*

*verdict of the jury.*" If upon the jury's finding an allotment excessive, or the reverse, the case should simply go back to another board of assessors or appraisers, without any valuation fixed by the jury on the allotted property, another valuation of the appraisers could be excepted to, again and again, and the matter could thus be kept in Court indefinitely. To prevent this very evil the Act of 1885 was passed, providing that the property embraced in the allotment should be valued by the jury. Then, when the commissioners appointed by the Court meet, taking such valuation as final, it is their duty merely to add or cut off enough ( as the case may be ) to make the amount of the constitutional allotment. Any exception to the action of this second board can only be to the correctness of the valuation added or subtracted ( as the case may be ) taking the jury valuation of the property, first allotted, as the basis.

The Act ( Clark's Code, p. 526 ) provides that the Court shall appoint three disinterested commissioners to make the new allotment in accordance with the verdict of the jury. It was probably an inadvertence that His Honor directed the Sheriff to summon them, meaning it seems that the Sheriff should also select them. The judgment must be modified in this particular by the Judge at the next term appointing the commissioners, who shall then be summoned by the Sheriff.

As the modification in the allotment made by the new commissioners must be " in accordance with the verdict of the jury" the valuation placed on the allotted property by the jury must be taken as absolutely correct. If, by extraordinary reasons, as added improvements or great rise in values, or on the other hand the destruction of buildings or great depreciation in values, it may be that relief can be had in the manner pointed out in *Vanstory* v. *Thornton*,

110 N. C., 10, upon an action brought for that purpose.
But the commissioners appointed by the judge under this
act to make the reallotment must be guided by the valu-
ation fixed by the verdict of the jury.

Modified and Affirmed.