## C. J. SHOAF & CO. v. E. FROST.

*Homestead—Valuation of Jury—Reallotment—Evidence.*

Where, upon exception to a homestead allotment, the value of the property in question was fixed by a jury, and an order was made by the judge for a re-allotment in accordance with the jury's valuation; *Held,* that upon plaintiff's exception to the Commissioners' report of the second allotment which was not in accordance with the jury's valuation, it was proper to sustain the exception and to order a new allotment, and in such case evidence as to the considerations which influenced the jury in making its valuation was not admissible.

SHOAF v. FROST.

This was an appeal from an order of *Starbuck*, *J.*, at Fall Term, 1897, of Davie County, sustaining an exception to the allotment of homestead Commissioners and ordering a new allotment. The facts appear in the opinion.

*Messrs. Watson, Buxton & Watson*, for plaintiffs.
*Messrs. Glenn & Manly*, for defendant (appellant).

FAIRCLOTH, C. J.: Under proper proceedings appraisers were appointed to lay off the defendant's homestead, which they did, describing the assigned premises by metes and bounds, and valued the same at $1,000. The plaintiffs excepted to the appraisers' return and a jury trial was had under *The Code*, Sec. 519, and the amendatory Act of 1885, Chapter 347, and in response to the issues they found as a fact that the land allotted as aforesaid was worth $2,000. An appeal was taken and this Court held that the valuation fixed by the jury was final, and the commissioners appointed to make a second allotment, in accordance with the verdict of the jury, must be guided by that valuation, and that the commissioners must be appointed by the Court and summoned by the sheriff. *Shoaf* v. *Frost*, 116 N. C., 675. At Fall Term, 1895, the Judge presiding, after said verdict was entered, set aside the first allotment and appointed commissioners to make a new allotment, in accordance with the verdict of the jury fixing the value of said property. The commissioners viewed and valued said homestead premises, less the store house and lot cut off, at $1,000 and filed their report. The plaintiffs again excepted, and his Honor at Fall Term, 1897, heard the exceptions, evidence offered and argument, and found as a fact that the storehouse and lot cut off are worth about $400 and of much less value than the remainder of the original homestead as allotted. He, thereupon, set aside the report of the commissioners and appointed another commission to reappraise said homestead,

121—33

and directed them to divide the land and improvements, theretofore allotted by the Sheriff's appraisers, into two parts of equal value, and assign to the defendant as his homestead one part selected by him, so as not to embrace more than one half in value of the whole.

From this judgment the defendant appealed, having filed affidavits before the Judge tending to show the value of the homestead, the considerations which influenced the jury and the value of the part cut off, &c. This evidence is not available on the question now before us.

The order of his Honor is agreeable to the decision heretofore made by this Court, where the reasons for the decision are stated, and we see no error.

If appreciation or depreciation in the value of the homestead has occurred in the meanwhile, there is a remedy, as pointed out in *Vanstory* v. *Thornton,* 110 N. C., 10.

Affirmed.