SHOAF & CO. v. E. FROST.

## *Homestead.*

1. Valuation of the tract of land, subjected to the homestead, placed by the jury, is conclusive.

2. Where the jury value the tract at $2000, the land will be divided into two parts of equal value, and the homesteader will take his choice.

3. Where there is appreciation or depreciation afterwards, relief must be sought in another proceeding. Same case reported in 121 N. C., 256.

HOMESTEAD PROCEEDING heard before *Coble, J.*, at Spring Term, 1898, of DAVIE Superior Court.

The cause came on to be heard on the certificate being filed from the Supreme Court on the opinion rendered at September Term, 1897.

Plaintiffs moved for judgment in accordance with certificate filed.

Defendant moved the Court on affidavits, that the Court order the appraisers, in laying off the homestead of the said E. Frost to consider any material depreciation in the property since the time of the first allotment in the Spring of 1894; or that said appraisers make a report to the court, if such depreciation exists, and what is the value of said depreciation, if any.

His Honor declined the motion made by defendant and rendered judgment prayed for by the plaintiffs.

Defendant excepted and appealed.

*Messrs. E. L. Gaither* and *Glenn & Manley*, for defendant (appellant).

*Messrs. Watson, Buxton & Watson*, for plaintiffs.

FAIRCLOTH, C. J.: The history of, and the facts in this case, will be found in same case reported in 116 N.

C., 675, and 121 N. C., 256. Pursuant to the opinion of this Court, the value of the tract of land, which had been set apart by the commissioners, was found by the jury to be $2000 and this Court held that the verdict was conclusive in that respect and directed that a commissioner be appointed to divide said land into two equal parts, one part to be selected by the homesteader as his homestead. The defendant now moves on affidavit that the order to reallot his homestead shall contain a provision that the appraisers take into consideration any material depreciation in the value since 1894 when the verdict of the jury was rendered. This proposition we declined to adopt in the second opinion above cited, and pointed out by reference the defendant's remedy if depreciation has taken place. The defendant has remained in possession of the whole tract, and to grant his motion now would in effect be a re-valuation, and might differ from the finding of the jury, which we have said must stand. It would seem, that when the defendant has accepted the homestead, valued at $1,000 by the jury, then he may consider the question of depreciation, but not in this action, nor out of the excess laid off in this proceeding, as the creditors may in the event it has appreciated.

Affirmed.