## SHOAF v. FROST.

(December 4, 1900.)

1. *Appeal—Former Appeal—Former Adjudication—Homestead—Appraisers.*

   Questions decided on a prior appeal are *res judicata.*

2. *Appeal—Findings  of  Court—Conclusiveness—Homestead.*

   Finding of fact by the Court below, when there is evidence on both sides of the question, is binding on appeal.

   DOUGLAS, J., dissenting.

CIVIL ACTION by C. J. Shoaf & Co. against E. Frost, heard by Judge *E. W. Timberlake,* at Fall Term, 1900, of DAVIE Superior Court. From judgment for plaintiffs, the deefndant appealed.

*E. L. Gaither,* and *Glenn & Manly,* for the plaintiffs.
*Watson, Buxton & Watson,* for the defendant.

SHOAF *v.* FROST.

CLARK, J.  The defendant excepted to the homestead allotment on the grounds:  (1) That the land allotted to him is found by the appraisers to be worth only $700.  (2) Because the judgment under which the homestead is allotted had been paid off before any return of homestead had ever been made by the appraisers.

As to the first point, it was decided and settled in this case on the former appeal (123 N. C., 343), that, the jury having fixed the value of the whole tract at $2,000, the land should be divided into two tracts of equal value in the opinion of the appraisers, with election to the homesteader to take his choice.  This is *res judicata* as to this case, and we could not change the ruling on a second appeal presenting the same point.  Besides, we think the former ruling correct.

As to the second point, the defendant filed affidavits to show that the judgment had been paid off before the proceedings to allot the homestead.  On the other hand, the plaintiffs read to the Court the former affidavits in the cause, the executions, and the sheriff's returns, and further insisted on the fact that the proceedings had been pending six years, in which time this cause had been here on three appeals (116 N. C., 675; 121 N. C., 256, and 123 N. C., 343), and that all during that time the defendant had treated the judgment and execution as valid.  The Judge overruled the exception, thereby deciding the question of fact with the plaintiff.  The defendant did not ask any more specific finding of fact.  There being evidence on both sides of the question, this finding of fact by the Court below is binding and conclusive on appeal.  *Whitehead v. Hale,* 118 N. C., at page 604, and cases there cited.

No error.

DOUGLAS, J., dissents.