CASE 97.—ACTION BY. JAMES I. MORTON AGAINST J. W. JONES AND OTHERS.—February 25, 1910.

## Morton v. Jones, &c.

Appeal from Breckinridge Circuit Court.

W. S. CHELF, Circuit Judge.

From a judgment dismissing the petition, plaintiff appeals.—Affirmed.

1. Bankruptcy—Exemptions of Bankrupt—Homestead Setting Apart—Conclusiveness.—The decision of a federal court approving the action of appraisers in bankruptcy proceedings to set apart the bankrupt's homestead was conclusive as to the value of the homestead set aside, in absence of fraud or mistake, and cannot be questioned by a creditor of the bankrupt in proceedings to subject a part thereof to the payment of debts.

2. Homestead—Establishment—Value—Appreciation.—Where a homestead has been established, its subsequent appreciation in value resulting from the ordinary increase in realty values does not entitle a creditor to subject the excess over $1,000 to the payment of his debts.

3. Fraudulent Conveyances—Exempt Property.—A creditor cannot complain that the debtor conveys property not subject to his debts.

4. Fraudulent Conveyances—Form of Transfer—Chattel Mortgage—Mortgage for Future Advancements.—A mortgage given in good faith for a specific sum as security for future advancements is valid to the extent of the amount specified as against the mortgagor's general creditors.

5. Evidence—Parol Evidence—Mortgages — Consideration—Future Advancements.—Parol evidence is admissible to show that a mortgage for a specific sum was given to secure future advancements and their amounts.

6. Lis Pendens—Grounds.—A lis pendens can only be asserted in a suit in rem, prosecuted with reasonable diligence, for

relief against specific property which is identified by the proceedings to which proceedings the other claimant is an actual party.

7.  Lis Pendens—Commencement and Pendency of Action—Description of Property.—A suit could not operate as a lis pendens where the petition did not attempt to describe any property sought to be subjected thereby.

8.  Lis Pendens—Operation—Amendment of Pleadings.—A lis pendens created by an amended petition does not relate back to the commencement of the action so as to affect intervening rights.

9.  Lis Pendens—Knowledge of Judgment.—Knowledge by a chattel mortgagee, when the mortgage was executed, that a creditor of the mortgagor had obtained a judgment against him, did not create lis pendens as against the mortgagee; the action not being in rem to subject any particular property.

G. B. LIKENS for appellant.

GUS BROWN and MURRAY & MURRAY for appellees.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER.—Affirming.

The appellant, James I. Morton, was surety on a note for $695.25, executed by J. W. Jones to the Fordsville Banking Company. Appellant paid the note. In June, 1903, appellee J. W. Jones was adjudged a bankrupt. Among the debts barred by the bankruptcy proceeding was that owing to appellant. Appellant thereafter instituted an action in the Ohio circuit court against J. W. Jones to recover the amount he paid to the bank. This action was based upon a new promise made after the bankruptcy proceeding. In that action the appellant obtained a judgment on October 18, 1906. On May 30, 1907, appellant had issued from the clerk's office of the Ohio circuit court an execution on the judgment. This execution was placed in the hands of the sheriff of

Breckinridge county, the county wherein J. W. Jones resided. It was returned by the sheriff on June 24, 1907, indorsed, "No property found." Appellant then instituted an action in the Ohio circuit court on September 5, 1907, under the authority of section 439 of the Civil Code.

In this action a general order of attachment was prayed, but no particular property owned by J. W. Jones was described or mentioned in the petition. To this action J. T. Jones was made a party, and the charge made that he was indebted to his codefendant, J. W. Jones. The summons on this petition was served on appellees, J. W. Jones and J. T. Jones, on September 24, 1907. On September 11, 1907, J. W. Jones executed and delivered to J. T. and C. W. Jones a mortgage on about 12,000 pounds of tobacco raised and grown by J. W. Jones. This mortgage was given to secure the payment of $600, for which sum J. W. Jones executed his note. In the proceedings wherein appellee J. W. Jones was adjudged a bankrupt certain personal property was turned over to him as being exempt. At the time he owned a farm consisting of about 240 acres. Disinterested appraisers were appointed by the federal court, and they appraised his farm at $900. By orders duly entered it was allotted to J. W. Jones as a homestead.

In the year 1906 J. W. Jones conveyed the aforesaid farm to his wife, Emma Jones, for the recited consideration of $300 cash and love and affection. On November 23, 1907, appellant filed an amended petition in the Ohio circuit court, wherein he charged that the conveyance from J. W. Jones to his wife, Emma Jones, was fraudulent and was made for the purpose of hindering and defeating appellant in the

collection of his debt. He also charged that the mortgage of September 11, 1907, from J. W. Jones to J. T. and C. W. Jones was the result of fraud and collusion between J. T. and C. W. Jones and J. W. Jones, and was made for the purpose of hindering and defeating appellant in the collection of the judgment. An attachment was obtained in this proceeding, and levied on the crop of tobacco on December 23, 1907. On December 30, 1907, the attachment was discharged because of the failure of appellant to furnish bond as requested by the sheriff. No further proceedings were taken in the above action in the Ohio Circuit court. On January 29, 1908, appellant instituted this action in the Breckinridge circuit court for the purpose of setting aside the deed from J. W. Jones to his wife, Emma Jones, and also the mortgage above referred to. In this action the proceedings had in the Ohio circuit court were set forth, and it was charged that J. T. and C. W. Jones, at the time of the execution of the mortgage, had notice of these proceedings, and that they were therefore lis pendens purchasers or mortgagees. This latter allegation was made in an amended petition filed on February 19, 1908. During the progress of the case the tobacco was sold. Thereafter proof was heard and the case submitted to the chancellor. The deed from J. W. Jones to Emma Jones, and the mortgage from J. W. Jones to J. T. and C. W. Jones, were held to be valid. As the tobacco brought less than the mortgage debt, the receiver was directed to pay the proceeds to J. T. and C. W. Jones. Thereupon appellant's petition was dismissed, and he appeals.

The first question to be determined is whether or not the conveyance by appellee J. W. Jones of his homestead to his wife, Emma Jones, was in fraud of

. his creditors. While the evidence is·conflicting as to the present value of the homestead, it is insisted by appellant that his evidence shows that the homestead is worth far more than $1,000, and that the excess should be subjected to the payment of his debt. Whether the homestead is worth more than $1,000 we deem it unnecessary to determine. The ·federal court in which the bankruptcy proceedings were had was a court of general and competent jurisdiction. As such, it had the power to set apart a homestead to J. W. Jones. The homestead was set apart by ap-·· praisers appointed for that purpose by the federal court, and their action approved.

That being the case, the decision of the court is final and conclusive, and cannot be disturbed except for fraud or mistake. In this case no fraud or mistake is shown. Furthermore, the rule is well settled in this state that the fixed right to occupy a homestead shall not be made to depend on the fluctuations of the real estate market; in other words, where the right of occupancy has once been fixed, no advance in the value of the premises, due to the ordinary appreciation in the value of real estate, will give the creditor the right to subject the excess over $1,000 to the payment of his debt. Gowdy's Admr. v. Johnson, 104 Ky. 648, 47 S. W. 624, 44 L. R. A. 400. As the property in question was exempt as a homestead, and could not, therefore, be reached· by the occupant's creditors, it necessarily follows that the conveyance by him to his wife was not fraudulent as to them. A creditor cannot complain that his debtor conveys away property that is not subject ·to the creditor's debts. Roark v. Bach, 116 Ky. 457, 76 S. W. 340, 25 Ky. Law Rep. ·699.

We shall next discuss the question whether or not the mortgage from J. W. Jones to J. T. and C. W. Jones was fraudulent, and whether or not J. T. and C. W. Jones were lis pendens purchasers. The evidence shows that at the beginning of the year 1907 appellee J. W. Jones, who had no property, agreed with his brothers, J. T. and C. W. Jones, that if they would advance him cash, supplies, etc., for the purpose of raising a crop of tobacco, he would execute a mortgage to them to secure the advancements so made. Pursuant to this agreement they furnished appellee cash, supplies, implements, etc., of the value of $572. It appears that these advancements were made in small sums. An accurate account was kept by them. Of course, if appellant had shown that a mortgage was executed by J. W. Jones to his brothers, and that it was without consideration, it would have fully established a fraud. But no such showing is made in this case. The evidence to the effect that the advancements claimed to have been made by J. T. and C. W. Jones were actually made is overwhelming. Indeed, there is no evidence to the contrary. After a careful consideration of the record, we are convinced of the good faith of the parties in the transaction which is called in question.

Furthermore, it is well settled that a mortgage for a specific sum given in good faith as security for future advancements is valid as against the general creditors of the mortgagor for advancements not exceeding the sum specified in the mortgage, and parol evidence is admissible to show that it was given to secure future advancements and their amounts. Louisville Banking Co. v. Leonard, 90 Ky. 106, 13 S. W. 521, 11 Ky. Law Rep. 917. As no fraud or collusion was shown on the part of J. W. Jones and his

brothers, and as the mortgage itself was valid, it is manifest that appellant has shown no right of recovery unless he established that appellees C. W. and J. T. Jones were lis pendens purchasers. In the first place, no attachment had been served upon the tobacco at the time of the execution of the mortgage; indeed, the attachment that was levied on December 23rd was discharged on December 30, 1907. No question of priority between the attachment lien and the mortgage lien can therefore arise.

Upon the question of lis pendens, this court has laid down the following rule: To obtain the benefits of lis pendens, the party asserting it must have not only a suit in which a relief in rem is sought against specific property sufficiently identified by the record, to which the other claimant or title holder must be a party in fact, but he must prosecute his suit with reasonable diligence.    Kelley v. Culver's Admr., 116 Ky. 241, 75 S. W. 272, 25 Ky. Law Rep. 443. In the action in the Ohio Circuit Court, which was filed September 5, 1907, there was no attempt to describe in the petition any property which appellant sought to subject. The petition in that case therefore, was not sufficient to create a lis pendens. True, appellant, by amended petition filed November 23, 1907, did describe the crop of tobacco on which J. T. and C. W. Jones had a mortgage. Perhaps, if the mortgage had been executed after this date, appellees J. T. and C. W. Jones would have been lis pendens purchasers. But it is well settled that a new lis pendens, created by an amended petition, will not relate back to the commencement of the action so as to affect intervening rights. Jones v. Lusk, 2 Metc. 357; Hawes, &c., v. Orr, &c., 10 Bush 431. Of course, the mere knowledge on the part of appellees J. T. and C. W. Jones

that appellant had obtained a judgment against J. W. Jones was not sufficient to create a lis pendens, where the action was not one in rem and no particular property was sought to be subjected. We therefore conclude that the proceedings in question were not sufficient to create a lis pendens upon the property involved in this action.

Judgment affirmed.