## Dalzell, et al. v. Dalzell, et al.

(Decided May 19, 1916.)

### Appeal from the Nicholas Circuit Court.

1. Deeds—Construction.—The meaning of a deed, like other instruments, must be gathered from its whole contents and not detached

portions; and where the granting clause is repugnant to other recitals in the deed the whole instrument will be construed so as to effectuate the purpose of the parties, and if necessary the granting clause will be made to yield to such purpose.

2. Husband and Wife—Reduction of Wife's Property to Possession. —Where a father advances to his daughter money which is used in the purchase of land, the title to which is taken to her husband, the transaction will be treated as a reduction by the husband of the wife's personal property to his possession.

3. Husband and Wife—Purchase of Land With Money of Wife—Title. —Under section 2353, Kentucky Statutes, if the wife consents to the use of her money in purchasing land, the title to which is taken to the husband, no trust results for her benefit.

4. Deeds—Conduct of Parties—Construction.—After a long lapse of years a deed will be construed to mean that which the parties by their conduct have construed it to mean.

MORGAN & DARRAGH for appellants.

HOLMES & ROSS for appellees.

OPINION OF THE COURT BY JUDGE TURNER.—Reversing.

On the 7th of August, 1868, Thos. A. Dorsey and wife executed a deed for 64 acres, one rod and 18 poles of land in Nicholas county, the granting and habendum clauses of which are as follows:

"THIS INDENTURE, made and entered into on the 27th of August, A. D. 1868, between Thomas A. Dorsey and M. J. Dorsey, his wife, of the first part, and Jos. W. Dalzell of the second part, and Johnathan Burris of the third part, all of Nicholas county, Kentucky. Witnesseth: That for and in consideration of $62.12 per acre, amounting in the aggregate to the sum of $3,998.27 (thirty nine hundred and ninety-eight dollars and twenty-seven cents), $1,600.00 of said sum in hand paid, the receipt of which is hereby acknowledged, $400.00 to be paid on the 25th day of December next, and the balance, $1,998.27, to be paid on the first day of September, 1869, said Dorsey retains a lien on the land hereby conveyed until the purchase money is all paid. Said Dorsey and wife hereby convey and forever confirm unto said Jos. W. Dalzell, his heirs and assigns" _____ "To have and to hold said land and all the improvements, rights and privileges thereunto belonging unto him, the said Jos. W. Dalzell, his heirs and assigns forever. And the said Thomas A. Dorsey and wife do warrant the

title to said land against the claims of all persons whomsoever. Said Johnathan Burris, the third party to this indenture, pays $1,200.00 of the first payment as an advancement to his daughter, Mary E. Dalzell, wife of said Jos. W. Dalzell. Said Burris is also to pay $1,200.00 of the last payment for which he holds an undivided interest of that amount in the land hereby conveyed.''

Johnathan Burris thereafter paid the $1,200.00 referred to in the deed as his part of the last payment.

Thereafter and on the 26th of November, 1870, Johnathan Burris and his wife conveyed to Mary E. Dalzell, the wife of Joseph W. Dalzell, the interest of Johnathan Burris in the aforesaid tract of land, his interest therein being described in the conveyance as his *joint interest* in that tract of land, and as ''being equal to and rated at $1,200.00, which is given by said parties of the first part as an advancement to their said daughter.''

Mary E. Dalzell died leaving the appellants Forrest and Clarence Dalzell as her only children and heirs at law.

Joseph W. Dalzell married again and on the 9th of March, 1895, he. and his then wife conveyed to Forrest and Clarence Dalzell all of the interest which Joseph W. Dalzell had in the above described tract of land, the same being referred to as the land jointly conveyed to Joseph W. Dalzell and Johnathan Burris, and the said interest so conveyed was recited as an advancement by Joseph W. Dalzell to his two said sons.

Joseph W. Dalzell had one son by his last marriage, who, however, died before his father, and left the infant appellee Rolla Dalzell as his only child and heir at law.

In 1915, Joseph W. Dalzell died, and in this suit to settle his estate the question has arisen as to how much his two sons by his first marriage shall be charged with as an advancement by reason of the conveyance to them by their father of his interest in the 64-acre tract of land, and the determination of this question involves an interpretation of the Dorsey deed.

The lower court was of opinion that Joseph W. Dalzell took title to the whole of this 64-acre tract and that therefore, his two sons to whom he conveyed it as an advancement, should be charged in the settlement of

his estate with the value of the whole tract as of the date of the advancement.

It is clear from the instrument as a whole that it was intended by it to convey to Burris an undivided interest in the property to the extent of the last $1,200.00 payment referred to; any other interpretation would be to ignore entirely the recital that "he holds an undivided interest of that amount in the land hereby conveyed." It is true that recitation in the deed is repugnant to the granting clause wherein the title to the whole tract is apparently conveyed to Dalzell, but it is the general rule that the meaning of an instrument must be gathered from its whole contents and not detached parts thereof.

Burris was a party to the conveyance, it shows on its face that he paid that portion of the purchase money, and that it was the purpose of all the parties to it that he should to that extent and in that proportion take title to the land, and the repugnancy between the granting clause and the other recitals in the deed will be so harmonized as to effectuate the manifest purpose of the parties.

The courts in recent years have shown a disposition in a great measure to depart from the ancient and strict rule of interpretation by which the granting clause in a deed alone is to control the title conveyed thereby, and to relax that rigid rule sufficiently to give to the instrument such interpretation as will carry out the purpose of the grantor. Taylor v. Dedman, 166 Ky. 370, and authorities there cited.

It is true that the rule stated has been applied in this State only in the interpretation of deeds where it was doubtful whether the estate conveyed was a fee simple or a life estate, but the same reason applies in the interpretation of deeds of the character here involved. In each case the granting clause is made to yield to the purpose of the grantor as gathered from the whole instrument.

It follows from what we have said that the judgment of the lower court to the extent that it charged appellants with the value of the interest of Burris in the 64-acre tract of land was erroneous because that interest had been conveyed to their mother before her death and was inherited by them from her, and was not a part of the Joseph W. Dalzell estate.

But whether they should have been charged with the first $1,200.00 payment, which it is recited in the instrument was made as an advancement by Burris to his daughter, presents a different question.

That $1,200.00 was an advancement to Mary E. Dalzell by her father of that much money, and she not being a party to the deed, took no interest thereunder unless the situation of the parties and the facts of the whole transaction are such that a trust may be implied for her benefit to that extent; but such is not the effect to be given to this transaction. This money, so advanced by Burris to his daughter, was paid on land, the title to which was taken to her husband, and it must be treated as a reduction by him of her money to his own use and benefit, and under the laws of this State, then in force, this was a conversion of the personal property of the wife by the husband, and became his property.

In no event, however, could it have operated as a trust for the benefit of the wife under the provisions of our statute, section 2353, because under the conditions surrounding the parties and considering their relations, her consent that the title should be taken to her husband will be implied, and particularly after the great lapse of time.

In the deeds made by Burris and Dalzell to their respective interests in this tract of land it is recognized by each of them that they held under the Dorsey deed jointly; and there is no better or safer rule of interpretation than to construe an ambiguous instrument after a long lapse of years, to mean that, and to have been intended to mean that which the parties themselves have, by their conduct, treated it as meaning.

The judgment is reversed with directions to enter a judgment conforming to the views herein expressed.