## Caldwell v. Puckett.

(Decided December 2, 1919.)

### Appeal from Anderson Circuit Court.

1. Fraudulent Conveyances—Purchaser in Good Faith—Consideration.—Although the grantor in a conveyance may make it for the purpose of defrauding his creditors, if the property is in good faith purchased by the grantee for a valuable consideration and the deed is in like good faith accepted and consideration paid by him, without knowledge of the intent of the grantor to defraud his creditors, and without being in possession of facts reasonably calculated to put him on inquiry as to whether such fraud is intended by the grantor, he will not, upon the setting aside of the conveyance, be made to lose the consideration paid by him for the land.

2. Fraudulent Conveyances—Consideration Returned to Grantor.—While the close relationship between the grantor and grantee in this case gave the court cause to look with suspicion upon the conveyance from the former to the latter, and cast upon the grantee the burden of showing his ignorance of the fraud intended to be practiced by the grantor, yet the evidence justified the court in giving the same faith to the genuineness of the conveyance, insofar as the grantee was concerned, as if that relationship had not existed. Hence, while it was proper to set aside the conveyance and subject the land to the payment of the grantor's debts, it was equally proper for the judgment to require that the grantee should first be returned the consideration he paid the grantor for the land and given first lien on the land and its proceeds therefor.

L. W. McKEE and EDWARDS, OGDEN & PEAK for appellant.

F. FELAND for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming on the original and cross appeals.

In this action brought in the court below September 12, 1916, by the appellee, Hiram Puckett, under section 439, Civil Code, to enforce satisfaction of an unpaid judgment for $500.00, recovered in 1882 by him against J. W. Caldwell and others in the Washington circuit court, an attachment was issued and levied upon a 90-acre tract of land in Anderson county as the property of the defendant, J. W. Caldwell, who had by a deed executed shortly before the institution of the action conveyed it to his son, the appellant, M. L. Caldwell, for a recited cash consideration of $1,800.00. The petition attacked this conveyance as fraudulent and asked that it be set aside on the grounds prescribed by section 1906 and also section 1910, Kentucky Statutes. M. L. Caldwell was joined with his father as a defendant to the action and in due course filed an answer to the petition traversing its allegations and alleging the good faith of the grantor in making the conveyance and that of the grantee in accepting it; also the adequateness of the consideration and its full payment. J. W. Caldwell failed to answer as he became seriously ill soon after the execution of the deed, and died, intestate, five weeks later; after which the action was revived against his administrator and heirs at law.

On the hearing the circuit court rendered judgment declaring that J. W. Caldwell in making the conveyance in question intended to thereby defraud the appellee as his creditor, but that the evidence failed to show such fraud on the part of the appellant, M. L. Caldwell, or his knowledge of the fraud intended and practiced by the grantor; and held that he, being a *bona fide* purchaser was entitled to the return of the consideration paid by him for the land and to a first lien on the land for its payment. Hence the deed was set aside, appellee's attachment sustained and the land ordered to be sold, first, to pay the amount due appellant and next the judgment debt of appellee. The land was later sold for an amount sufficient to pay both demands in full and all costs of the action. By this appeal M. L. Caldwell seeks the reversal of so much of the judgment as set aside the deed from J. L. Caldwell to him and subjected the land to the appellee's debt; and the latter has taken a cross-appeal from that part of the judgment ordering the restoration to appellant of the consideration paid by him for the land and subjecting the land to its payment.

We are unable to find any ground for reversing the judgment of the circuit court. We think the fraudulent intent of the grantor in making the conveyance established by the evidence as a whole. But while the close relationship existing between the grantor and grantee compelled the court to regard with suspicion the transaction between them and cast upon the grantee the burden of showing his ignorance of the fraud practiced by the grantor upon his creditors, yet we think the evidence justified that court in giving the same faith and credit to the genuineness of this conveyance, in so far as the grantee was concerned, as if that relationship had not existed. In other words the evidence in this case seems to bring it within the rule announced in Pence v. Shackelford, 142 Ky. 10.

It does not appear from the evidence that appellant at the time of the conveyance had any knowledge of the existence of the judgment debt in favor of appellee against his father. Appellant had resided for several years in Oklahoma and it is hardly probable, in view of there having been no effort on the part of appellee, by the issuance of an execution or otherwise, to collect the debt of his father for eight years, that he on his occasional visits to Kentucky and his father, received information of the debt. The evidence leaves no doubt of appellant's having paid his father the $1,800.00, named in the deed as the consideration for the sale of the land, for the payment was made in the presence of the deputy clerk who took the grantor's acknowledgment to the deed, and some days later the grantor was seen by two witnesses in possession of the money. The consideration is not so inadequate as claimed by appellee when it is considered that this was third rate land and the value of lands of all kinds was far lower in 1916 than that reached by such lands since the close of the European war. To say the least, the consideration was a valuable one, and this being true the good faith of appellee in purchasing the land is not affected by the fact that its value may have been somewhat greater than the amount he paid for it, unless it were made to appear that he had notice of the fraudulent intent of his father in making the conveyance. If there is a valuable consideration paid by the grantee and he is without knowledge of the intent of the grantor to defraud his creditors, or in possession of no

facts calculated to put him on inquiry as to whether such fraud is intended by the grantor, he will not, upon the setting aside of the conveyance by the court, be made to lose the consideration paid by him for the land.

It appears from the evidence that upon the return of appellant from Oklahoma he found his aged father in feeble health and able to do little for his own support, and that in view of this situation he purchased of him the land at a price fixed by the father and paid him that price; and, in addition, assured him that he would be permitted to occupy the land the remainder of his life free of rent or other charge. These facts fail to show the fraud alleged in the transaction by appellee. We do not know what the father would have stated about the transaction as his death occurred before his deposition could be taken. But as the record appears it fails to connect appellant with any fraud that may have been intended by his father in making the conveyance.

As our consideration of the entire evidence fails to convince us of error in the judgment, it should be, and is, affirmed both on the original and cross appeals.