## Davis, et al. v. First National Bank of Princeton, Ky.

(Decided February 24, 1920.)

Appeal from Caldwell Circuit Court.

1. Husband and Wife—Settlement of Property Rights—Separation.— In a settlement of their property rights, made between husband and wife in contemplation of an immediate separation and his becoming a permanent resident of another state, to which he shortly thereafter removed, he by deed conveyed her a house and lot to which he held the title and which for many years had been their home, and she by deed conveyed him a house and lot the title to which was in her name; but as the husband was rendered insolvent by the conveyance to the wife and the property he conveyed her was of far greater value than the property she conveyed him, the conveyance to her was in law a voluntary one and, therefore, fraudulent and void as to antecedent and then existing debts owing by the husband, to the extent of the difference between the greater market value of the property he conveyeed the wife and that of the property she conveyed him.

2. Husband and Wife—Conveyance to Wife—Action to Set Aside.— In an action by a bank, as creditor of the husband, to set aside the deed from the latter to his wife and subject the property thereby conveyed to its debt, the circuit court properly granted the relief asked by the creditor to the extent of adjudging the property subject to its debt, directing its sale and application of the proceeds, to the satisfaction thereof, after paying therefrom for the benefit of the wife $1,000.00, in lieu of her homestead right in the property; but erred in not further adjudging that the wife be also paid out of the proceeds of the property, before applying any part thereof to the debt of the creditor, $450.00, the admitted value of the house and lot she conveyed her husband and the latter later conveyed to a third party. This amount the wife was entitled to receive as the evidence failed to prove any knowledge on her part at the time of the conveyances between

them of her husband's insolvency, or his intent to defraud his creditors.

3.   Fraudulent Conveyances—Insolvency—Husband and Wife.—As the evidence strongly conduced to prove that the conveyance by the husband to a third party, his father-in-law, of the house and lot deeded him by his wife, was made with the intent to defraud his creditors; and, also, as strongly conduced to prove that the grantee at the time of the conveyance knew of his insolvency, likewise of his indebtedness to the bank and intent, by means of the conveyance to defraud his creditors, the judgment of the circuit court setting aside this deed as fraudulent and subjecting the property thereby conveyed to the bank's debt, is free-of error.

R. W. LISANBY for appellants.

S. D. HODGE for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming in part and reversing in part.

In May, 1917, Karl Wynne as principal and D. B. Leech as his surety executed to the appellee, First National Bank of Princeton, a note for $500.00, due six months after date upon which Wynne secured a loan from the bank of that amount. Wynne is the son-in-law of Leech and of the appellant, Mrs. Fanny Leech, and the latter is the daughter of the appellant, J. B. Davis. The note mentioned became due in November, 1917, and Wynne being unable to pay it was permitted by the bank to renew it with Leech as surety to mature six months after date.

Leech and wife seem to have had marital troubles which ended in an agreement between them to live apart, which agreement was made some time in the fall of 1917. In the latter part of December, 1917, Leech removed to Detroit, Michigan, where he has since resided; but the day before his departure from Princeton he conveyed to his wife, the appellant, Fanny Leech, his residence and lot upon which it stands situated on a leading street of Princeton. At the same time she conveyed to him a smaller house and lot adjoining the home place which he had conveyed to her in 1895, both deeds were duly recorded in the office of the clerk of the Caldwell county court. It will be seen from what has been said that these conveyances were executed about a month after the renewal of the Wynne and Leech note and after the insolvency of Wynne had become well

known in the community. When Leech left for Detroit he carried with him the only personal property of which he was known to be the owner, and he at the time owned no real estate in Princeton except the small lot and house conveyed him by his wife. Some time after his departure from Princeton he claimed to have sold to his father-in-law the appellee, J. D. Davis, the small lot and house in question. It does not appear when the deed conveying this lot to the father-in-law was executed, but does appear that the latter held it in his possession unrecorded for several months after he claimed to have received it, and that he did not have his daughter, the appellant, Fanny Leech, sign and acknowledge the deed or put it to record, until after the institution by the bank of this action to recover the amount of the note which had been executed by Wynne and Leech, and which became due in May, 1918, and of a smaller past due note executed to it by the same parties, upon which there was a balance due of $100.00, with accrued interest.

The action was brought by the appellee, First National Bank, in September, 1918. The petition alleged the insolvency both of Wynne and Leech and the non-residence of the latter; attacked as fraudulent the conveyances from Leech to his wife and father-in-law, and prayed that the deeds be set aside and both pieces of property thereby conveyed subjected to the bank's debts; to which end an attachment was prayed, issued and caused to be levied on both lots. The appellants, Fanny Leech and J. B. Davis, by separate answers traversed the averments of the petition, except as to the insolvency of Wynne and Leech. On the hearing the circuit court adjudged the deeds in question fraudulent, sustained the attachment and subjected the lots to the payment of appellee's debts, but directed that the smaller lot conveyed Davis be first sold and then that the larger lot conveyed Mrs. Leech be sold, subject to her right of homestead therein of the value of $1,000.00, which should be paid her out of the proceeds of the sale of the lot before applying any part thereof on appellee's debts. The appellants complain of the judgment, hence this appeal.

We think the evidence clearly establishes the fraudulent intent with which D. B. Leech made both the conveyances herein attacked. It is the claim of Mrs. Leach that the deed by which the larger lot was conveyed her by her

husband and the smaller one to her husband by her were made in view of a separation between them and to settle their property rights. However that may be, the conveyance from the husband must be deemed fraudulent as to his debts then existing to the extent that it was without consideration. We are not convinced that the wife had knowledge of the fraudulent intent of the husband, but it is manifest that the only consideration passing from her to the husband for the conveyance was the lot which she on the same day conveyed him, and this lot the evidence shows to have been worth $450.00. The larger lot conveyed her by by him is shown by the evidence to be worth $2,500.00; therefore the only consideration that was paid by her for this lot was $450.00, the value of the smaller lot she conveyed the husband. So to the amount of the difference between $450.00, and $2,500.00, the value of the lot conveyed the wife by the husband, the conveyance was without consideration and therefore voluntary, which made it fraudulent as to the pre-existing debts of the appellee bank. In view of which we think the court, in addition to the value of a homestead, should by its judgment also have directed the payment to her out of its proceeds when sold the $450.00, shown to be the value of lot conveyed by her to the husband.

Without going into details respecting the evidence introduced in support of the attack upon the *bona fides* of the conveyance from D. B. Leech to the appellant, Davis, it is sufficient to say that the confidential relations of the parties, the suspicious circumstances attending the alleged sale of the lot, the vagueness of Davis' statements as to when and how he claimed to have paid for the lot; his knowledge of the liability of his grantor upon the note to the bank and of his insolvency, together with his quasi concealment of the deed by which the lot was conveyed him and the fact that he did not have it recorded until after the institution of this action, all served to show knowledge on his part of the fraudulent intent with which the conveyance was made and put upon him the burden of proving his ignorance of the fraud of his grantor, and that being true he is not entitled to be repaid what he claims to have paid his grantor for the lot. Caldwell v. Puckett, 186 Ky. 111; Perry, etc. v. Kirsh & Co., 157 Ky. 109. Pace's Trustee v. Pace, &c., 162 Ky. 457.

For the reasons indicated the judgment is affirmed as to the appellant, Davis, and reversed as to Mrs. Leech in so far as it failed to allow her the value of the lot conveyed by her to her husband, and the cause remanded for the entering of such judgment as will accord with the opinion.