## Mullins v. Mullins, et al.

(Decided June 10, 1924.)

### Appeal from Perry Circuit Court.

1. Trusts—Conveyance to Daughter and Husband as Advancement to Stand as Written.—A conveyance of land to daughter and her husband by way of an advancement to daughter must stand as written, and no trust results in favor of daughter under Ky. Stats., section 2353, when conveyance was not taken without daughter's consent or in violation of any trust.

2. Reformation of Instruments—Conveyance of Land to Daughter and Husband as Advancement Reformed as Any Other Deed.—Where land intended as advancement to daughter is conveyed to her and husband, it can only be reformed or set aside as regards husband on same ground as other deeds.

FAULKNER, STANFILL & FAULKNER and O'REAR, FOWLER & WALLACE for appellant.

WOOTTON, SMITH & WOOTTON for appellees.

Opinion of the Court by Commissioner Hobson—Reversing.

On July 31, 1895, Sampson Brashear and wife conveyed to John Mullins and Elizabeth Mullins, his wife, a tract of land in Perry county. Elizabeth Mullins was the daughter of Sampson Brashear, and this tract of land was conveyed as an advancement to her out of her father's estate, at a time when he was making like advancements to the other children. J. N. Brashear, his brother, and wife joined in the deed to release his title to the land, as it was conveyed to the two brothers originally and had been divided by parol between them. Elizabeth Mullins died in 1908, leaving six children surviving her, and this action was brought by the children against their father on March 29, 1922, to restrain him from cutting the timber on the land and to obtain a reformation of the deed, on the ground that the sole consideration for the deed was the advancement to Elizabeth Mullins; that John Mullins paid no part of the consideration and that his name was placed in the deed by mistake of the draftsman. An answer was filed controverting the allegations of the petition and on final hearing the circuit court adjudged the plaintiffs the relief sought. John Mullins appeals.

There is no evidence whatever that any mistake was made by anybody in drawing the deed; there is no evidence whatever that the deed was made as it was without the knowledge or consent of Elizabeth Mullins or her father, or that John Mullins, at any time, or in any way, ever held the land in trust. Everett Mullins, who is the only one of the appellees to testify, being asked who was the owner of that tract of land at the time of his mother's death, said: "It belonged to her and father, I reckon; they claimed it." There is no contrary testimony in the record, but it is conclusively shown that the land was conveyed as an advancement to Elizabeth Mullins, though there is some evidence that it was of more value than the other tracts conveyed to the other children and it appears that John Mullins claimed he paid $500.00 on the land. But he did not testify to this or to anything that occurred when the deed was made, for the reason that his wife and her father being dead, he could not testify as to any transaction had with them. Section 2353, Kentucky Statutes, is in these words:

"When a deed shall be made to one person, and the consideration shall be paid by another, no use or

trust shall result in favor of the latter, but this shall not extend to any case in which the grantee shall have taken a deed in his own name without the consent of the person paying the consideration, or where the grantee, in violation of some trust, shall have purchased the lands deeded with the effects of another person.''

There being no evidence that the deed was made as it was without the consent of Elizabeth Mullins or in violation of any trust, the deed must stand as written, if this statute applies; for the weight of the evidence shows that Elizabeth Mullins was present when the deed was written and there was no complaint about the deed from anybody for more than twenty-five years after it was written and recorded.

In Martin v. Franklin, 159 Ky. 816, the wife sold a tract of land she owned and with the purchase money paid for two tracts that she bought and the deed to these tracts were made to the husband with her knowledge and consent. After her death her children, as here, sought to reform the deed. The court, after quoting section 2353, Kentucky Statutes, said:

''The deeds having been taken in the husband's name with her consent and not in violation of any trust, no use or trust resulted in her favor although she paid the consideration.''

The same rule was followed in Foushee v. Foushee, 163 Ky. 524, where on similar facts the wife asked reformation of the deed after the death of her husband. The same conclusion was reached in Dalzell v. Dalzell, 170 Ky. 297 where the land was bought by the wife's father and paid for by him and conveyed to the husband, as an advancement to the wife. These cases all resting upon the statute above quoted are conclusive here.

It is and long has been very common in Kentucky for a father when he divides his land between his children, to make the deed for a daughter's share to her and her husband jointly. To illustrate in this case, the remainder of this tract which fell to another daughter was conveyed to her and her husband jointly. Under the statute to prevent inequality in the division of the estate the whole tract is held as an advancement to the daughter, but the title to one-half the land under the deed vests in the husband; and it can only be reformed or set aside on the same ground as other deeds. The deed was accepted and

there is nothing in the evidence showing any misunderstanding of its terms or effect.

Judgment reversed with directions to dismiss the petition.