# Wilson v. Newberry et al.

(Decided March 27, 1931.)

WILSON & WILSON and T. E. MOORE for appellant.

W. C. EVERSOLE for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Certain creditors of Elbert Newberry sued him in the quarterly court of Perry county and recovered judgments. Executions were issued thereon and placed in the hands of the sheriff. Before the return day each of the executions was replevied by Elbert Newberry, with his father, William Newberry, as surety on the bond. After the maturity of the bonds, executions were issued thereon and delivered to the sheriff, who, being unable to find any personal property subject to the debts, returned the executions to the office of the clerk of the Perry quarterly court. Thereafter transcripts of the judgments were filed in the Perry circuit court and an execution in favor of each of the creditors was issued from the office of that clerk and placed in the hands of the sheriff to do execution thereon. At that time William Newberry, the surety, and his wife, Jennie Newberry, were the joint owners of a small tract of land lying near Christopher, in Perry county, and executions were levied on William Newberry's interest in the land. After proper advertisement, the sheriff offered the land levied on for sale at public outcry in front of the courthouse door at Hazard. The land was appraised, but,

it appearing that William Newberry had in a prior action been allotted a homestead in a lot 50 feet wide and containing his residence, no further allotment was made, and the homestead was excepted from the sale. At the sale the creditors, through G. C. Wilson, acting as their agent and trustee, bid the total amount of their debts, interest, and costs. There being no higher bid, and no one offering to pay that amount for a less portion than the whole, Wilson was declared the purchaser for and on behalf of the creditors. The property not having been redeemed by William Newberry, or anyone for him, within one year from the day of sale, the creditors paid the costs of the actions in all of the courts, and thereupon the sheriff conveyed William Newberry's interest in the land to G. C. Wilson as trustee, but excepted therefrom the homestead allotted in the prior action. William Newberry, who lived on the land allotted to him as a homestead, died intestate about a year later. Some time thereafter G. C. Wilson as trustee for the creditors sued Jennie Newberry for a partition of the land jointly owned by them. Partition was adjudged, and commissioners appointed to make the division. Their report was confirmed and the master commissioner directed to make deeds in conformity therewith. Deeds were executed and accepted by the parties and put to record. The following year John Newberry and other children of William Newberry, together with their mother, Jennie Newberry, brought this suit to cancel the deed. They charged fraud in general terms without alleging any specific acts constituting fraud. Jennie Newberry and others testified that the interest of her husband in the land in controversy was worth less than $1,000. Jennie Newberry also deposed that the land with other lands was bought with her money, though she admitted that the deed was made to her husband with her consent. An answer was filed denying the allegations of the petition and pleading the facts above set out. The affirmative allegations of the answer were controverted of record. On final hearing the chancellor canceled the deed, and Wilson, as trustee for the creditors appeals.

In deciding the question, the chancellor seems to have been impressed by the fact that the land which was conveyed to Mrs. Newberry and her husband jointly was paid for with Mrs. Newberry's money. Aside from other considerations that might be mentioned, it is at

once apparent that Mrs. Newberry is not entitled to any relief on that ground. Even though she paid for the property with her own money, she acquiesced in the arrangement by which it was conveyed to her and her husband jointly. In the circumstances her rights were inferior to the rights of her husband's subsequent creditors, and there can be no doubt that his interest in the land was subject to the claims of such creditors. Miller v. McLin, 147 Ky. 248, 143 S. W. 1008.

The record discloses that prior to the sale in question William Newberry had been allotted a homestead in another action. That allotment was made several years ago, and, if insufficient, it should have been directly attacked within a reasonable time. Wood v. Corley, 43 S. W. 235, 19 Ky. Law Rep. 1307, and is not subject to collateral attack in this action. Hogan v. Hogan, 44 S. W. 953, 19 Ky. Law Rep. 1960. It is the rule that, where a homestead has been once allotted, and is not set aside in a proper proceeding, any natural appreciation in value over and above $1,000 may not be subjected to the claims of creditors, Morton v. Jones, 136 Ky. 797, 125 S. W. 247; Gowdy v. Johnson, 104 Ky 648, 47 S. W. 624, 20 Ky. Law Rep. 997, 44 L. R. A. 400; and for a like reason the debtor cannot, after acceptance of the homestead, have a reallotment on the ground that the premises have depreciated in value since the final appraisement, Shoaf v. Frost, 123 N. C. 343, 31 S. E. 653; Whitesides v. Cushenberry, 8 Ky. Law Rep. 590. In short, the rule is that a debtor is not entitled to two homesteads, and, where he accepts a homestead in one proceeding, he cannot in a subsequent action claim another homestead on the ground that the original allotment was insufficient, or the property has depreciated in value. No fraud was shown in the sale herein attacked. As William Newberry had already been allotted one homestead, the failure of the appraisers in the subsequent action to award him additional property, or another homestead, was not fatal to the sale. Clearly, a mere showing that his interest in the property at the time of the second sale was, or is now, worth less than $1,000, affords no ground for setting aside the sale and canceling the deed. It follows from what has been said that judgment should have gone in favor of appellant.

Judgment reversed, and cause remanded, with directions to enter judgment in conformity with this opinion.