## Kitchen v. Fischer et al.

March 5, 1943.

Woods & Woods and Clyde L. Miller for appellant.

S. S. Willis for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

Appellant and plaintiff below, John W. Kitchen, brought this action under Section 378.020, KRS., against Henry N. Fischer and wife, Rachel, to set aside a conveyance Fischer made to Mrs. Fischer in an exchange of property between them, and to subject the excess value of the property Fischer conveyed over that which he received to the payment of a debt due plaintiff. The chancellor after hearing the case on its merits dismissed the petition and Kitchen appeals.

Mr. and Mrs. Fischer were married in 1890 and have lived in Ashland for the last twenty-eight years. He was

engaged in the timber business, owned considerable property and was in good shape financially until the business depression struck the nation in the early part of the decade between 1930 and 1940. In 1911 T. R. Young conveyed Fischer a valuable piece of property located on the corner of Central Avenue and Sixteenth Street in Ashland in which the Fischers have resided for many years. Mrs. Fischer owned a house and lot on Newman Avenue in South Ashland of much less value than the home. In 1934 Fischer wanted to mortgage the home to obtain money for his business but his wife objected. It was agreed between them that he would convey her the home in consideration of her conveying to him. the Newman Avenue property and cancelling all indebtedness she had against him, and she would then join him in mortgaging the Newman Avenue property. This exchange was made between them on November 12, 1934, she conveying to her husband through the conduit of their daughter.

At the time Fischer conveyed his home to his wife he owed appellant about $2,700 which was reduced to a judgment in the Boyd Circuit Court on April 15, 1939, in the sum of $2,966.19 with interest from that date. The action from which this appeal is prosecuted was brought by appellant on a nulla bona arising from the judgment just mentioned to set aside the conveyance Fischer made of his home to his wife. The petition was filed under Section 378.020, KRS, and avers that appellant's debt existed prior to the conveyance; that Fischer was insolvent at the time the deed was made; that the transfer was without sufficient consideration and was made to hinder, delay and defraud his creditors. No demurrer was filed to the petition, and the joint answer of the Fischers was merely a traverse.

Hon. E. Poe Harris, the special chancellor who tried the case, found in his written opinion that in 1934 the property Fischer conveyed to his wife exceeded in value by $8,000 that which he received from her, but being of the impression that the indebtedness Fischer owed his wife and the interest thereon, together with her homestead, exceeded this $8,000, he dismissed the petition. We have concluded that the chancellor erred, not so much in the value placed on the two pieces of property exchanged between the husband and wife as he did in adjudging that the husband was indebted to the wife

in large sums which constituted part of the consideration moving from her to him for the conveyance, to the detriment of his creditors.

Mrs. Fischer insists that $6,000 of her money went into the home property when he purchased it in 1911. However, it is unnecessary to go into that as she allowed the deed to be taken in her husband's name where it remained until he conveyed the property to her in 1934, therefore under Section 381.170, KRS, no trust resulted in her favor. Martin v. Franklin, 160 Ky. 61, 169 S. W. 540; Mullins v. Mullins, 203 Ky. 652, 262 S. W. 1085. She received $2,700 from her uncle's estate about the time the home was purchased in 1911 and if she did lend that sum to her husband, he invested $1,700 of it in a house and lot adjoining his home on Central Avenue, which property he conveyed to his wife in 1920. Mrs. Fischer claims that her husband was indebted to her in 1934 in the sum of $3,300 which she had let him have years before, also that he owed her for ten shares of bank stock. The property adjoining the home is shown by the record to have been worth $10,000 in 1920 at a conservative figure, which was more than sufficient to have liquidated any indebtedness due from Fischer to his wife. Be that as it may, a married woman may not advance money to her husband in an informal way during the years of their marriage and after he has invested it in property in his own name, then be allowed to come in ahead of her husband's creditors. Miller v. McLin, 147 Ky. 248, 143 S. W. 1008; Wilson v. Newberry, 238 Ky. 635, 38 S. W. (2d) 695; Thrasher v. Craft, 242 Ky. 101, 45 S. W. (2d) 827; Motch's Adm'r v. Glenn, 251 Ky. 235, 64 S. W. (2d) 900; Springfield State Bank v. Kelly, 267 Ky. 595, 102 S. W. (2d) 360.

There is no reason for us to concern ourselves greatly over the value to be placed on the Newman Avenue property, or that to be placed on the bank stock for which Mrs. Fischer claims her husband owed her. Accepting the $4,000 valuation the chancellor put on the Newman Avenue property as correct, and valuing the bank stock at $1,000 as part of the consideration for the conveyance, and allowing Mrs. Fischer's claim of $1,000 by way of homestead, this makes only $6,000 she paid her husband for the house, which this record shows was reasonably worth $12,000 in 1934. We have eliminated for the reasons shown in the preceding paragraph the

790

money Mrs. Fischer contends her husband owed her. She paid $6,000 for a $12,000 piece of property, and as to the remaining $6,000 the conveyance is without consideration and is void as to the creditors of her husband under Section 378.020, KRS, Davis v. First Nat. Bank of Princeton, 187 Ky. 198, 218 S. W. 987, and it will be set aside to this extent and appellant will be adjudged a lien on the $6,000 interest in the property which Mrs. Fischer did not obtain by virtue of the deed executed to her by her husband in 1934. Rice v. Kelly, 226 Ky. 347, 10 S. W. (2d) 1112. Even if Fischer were solvent at the time he made this deed to his wife in 1934, the conveyance comes under the inhibition of Section 378.020, KRS, as to that portion thereof which was without consideration and may be set aside as to prior or existing creditors regardless of any fraudulent intent upon the part of Fischer. Hays v. Cyrus, 252 Ky. 435, 67 S. W. (2d) 503; Gallagher v. Ping's Trustees, 261 Ky. 122, 87 S. W. (2d) 130.

The judgment is reversed with directions to enter one in conformity with this opinion.